No. 740.

## THE CITY OF LEBANON v. McCOY.

MASTER AND SERVANT.—*Contributory Negligence.*—*Personal Injury.*—*City.*—*Street Commissioner.*—The fact that an employe of a city, who was under the direction and control of the street commissioner, while engaged at work (at the direction of such commissioner) near a bent for a bridge (which had been previously, dangerously and negligently constructed by such commissioner and other employes) put his hand against such bent, in ignorance of its danger-ous condition, to prevent himself from falling, and was injured by the bent falling on him, does not, under the circumstances, necessarily render him guilty of contributory negligence.

SAME.—*Contributory Negligence.*—*Personal Injury.*—The doing of an act by the complaining party, which causes his injury, does not constitute contributory negligence unless he was at fault in doing such act.

SAME.—*Assumption of Risks.*—Although the servant impliedly assumed all the ordinary risks incident to his employment, so far as those risks are known to him, or could have been discovered in the exercise of due care by him, yet the court can not say that he assumed the risk in this case in taking his position for labor, in compliance with the commissioner's direction, near such bent, in ignorance of its dangerous condition.

SAME.—*Assumption of Risk.*—*Negligence of Fellow-Servant.*—Notwithstanding the unsafe and dangerous condition of the bent was the result of the negligence of his fellow-servants, the fact that the injured servant was at such place and performing his service at the command of the commissioner, prevents the rule for assumption of risks from applying, unless the danger was so great that a man of ordinary prudence would not have taken it.

SAME.—*Direction to Perform Particular Act.*—*Confidence in Prudence of Master.*—When directed to do the act, in performance of which he was injured, the servant had the right to assume that the street commissioner, with his superior knowledge of the facts, would not expose him to unnecessary peril.

From the Montgomery Circuit Court.

*B. Crane, A. B. Anderson, S. R. Artman* and —————— *Lewis,* for appellant.

*W. T. Brush, E. C. Snyder* and *O. P. Mahan,* for appellee.

Davis, J.—Appellee recovered judgment in the court below. The errors assigned are:

1. That the court erred in overruling the demurrer to the complaint.

2. That the court erred in overruling the motion for a new trial.

The complaint is not, in some respects, as specific and methodical, perhaps, as the rules of good pleading require, but in our opinion it states facts sufficient to constitute a cause of action. Sections 338 and 376, R. S. 1881.

It is alleged in the complaint, in substance, that on the day appellee was injured he was working at day labor for said city and was engaged in putting in the day at street labor as a substitute for one Elbert Perkins, and that he continued in said work until about noon, and in so doing he was under the order and control of the street commissioner; that during the forenoon, in a distant part of the town, the appellant, under the supervision and direction of said street commissioner, was engaged in the erection and construction of the bridge in question, and did negligently, carelessly and unskillfully erect the said bent in the trench, on blocks, chips and other rickety substances, without any bracing or support except a small piece of timber leaning against said bent, and that as the result of such negligence the bent was placed and left in such dangerous condition at noon that it was liable to fall at any moment; that appellee was not there and did not assist in said work and had no knowledge of its unsafe and dangerous condition, but that at the request of the street commissioner he went to work at said bridge after dinner, and was ordered by him to go to said bent and remove certain blocks and other timbers lying near the said bent, in ignorance of the negligent and dangerous condition of said bent, and that in his

efforts to execute said command, without fault on his part, and by reason of the negligence of appellant, as aforesaid, the said bent fell and broke his leg, etc.

The allegations on the question of negligence on the part of appellant are sufficient to withstand the demurrer. *Louisville, etc., R. W. Co.* v. *Jones*, 108 Ind. 551.

The fact that the bent did not fall until after appellee put his hand against it to prevent himself from falling does not, under the circumstances alleged, necessarily render him guilty of contributory negligence. The doing of an act by the complaining party, which causes his injuries, does not constitute contributory negligence, unless he was in fault in doing such act. In view of the allegation that he was ignorant of the unsafe and dangerous condition of the bent, and that he was injured without any fault on his part, the court can not say as a matter of law, under the circumstances, that appellee was in fault in placing his hand against the bent as he fell into the trench.

Conceding that appellee, in going to work on the bridge in the afternoon, impliedly assumed all the ordinary risks incident to such employment, so far as those risks were known to him, or could have been discovered in the exercise of due care by him, the court can not say that appellee was negligent in obeying the order of the master.

Assuming that the unsafe and dangerous condition of the bent was the result of the negligence of his fellow-servants, he did not, in obedience to the command of his master, assume the risk, unless the danger was so great that a man of ordinary prudence would not have taken the risk. *Shortel* v. *City of St. Joseph*, 104 Mo. 114.

The appellee was not required on that occasion to make a special examination or critical investigation to ascertain whether the bent had been carefully or negligently

raised, or whether it was then in an unsafe or dangerous position, before obeying the command of the master.

When directed to do the act in the performance of which he was injured, he had the right to assume that the street commissioner, with his superior knowledge of the facts, would not expose him to unnecessary peril. Assuming that the street commissioner was a fellow-servant in the work of placing and leaving the bent in the alleged unsafe and dangerous condition before noon, he was the master in giving the command after noon, in the execution of which the appellee was injured. *Nall, Admx.,* v. *Louisville, etc., R. W. Co.,* 129 Ind. 260; *Brazil, etc., Coal Co.* v. *Hoodlet,* 129 Ind. 327; *Cole Bros.* v. *Wood,* 11 Ind. App. 37; *Louisville, etc., R. W. Co.* v. *Isom,* 10 Ind. App. 691; *Burns* v. *Sennett,* 33 Pac. Rep. 916.

In our opinion there was no error in overruling the demurrer to the complaint.

In support of the motion for a new trial, it is insisted that the verdict of the jury is not supported by sufficient evidence, and that it is contrary to law.

We have carefully read and considered all the evidence, and while in some respects it is neither clear nor satisfactory, there is evidence, if slight, tending to prove every material point in issue which appellee was required to establish, and as the verdict has the approval of the trial court, we will not disturb it.

Judgment affirmed.

Filed May 14, 1895.