CUMBERLAND TELEPHONE & TELEGRAPH COMPANY
*v.* PIERSON.

[No. 21,104.   Filed June 11, 1908.]

1. PLEADING. — *Complaint. — Negligence.—Telephones.—Permitting Low Wires to be Suspended Across Street.*—A complaint alleging that defendant telephone company knowingly permitted its wire to become so loosened that it hung so low over the street that, without knowledge thereof, the plaintiff, while driving along the street was caught thereby, and thrown from his wagon, sustaining injuries, but failing to allege that such acts were negligently done, fails to state a cause of action.   p. 544.

2. SAME.—*Complaint.—Negligence.—How Alleged.*—A complaint for negligence must allege generally that the acts were negligently done, or, where the facts alone are stated, they must be such as will, of necessity, compel the court to know that they constitute negligence.   p. 545.

3. SAME.—*Complaint.—Negligence.—Violation of Ordinance.—How Alleged.*—An allegation, in a negligence case, "that it was the duty of said defendant by virtue of an ordinance" to do certain things, is not the averment of any fact, and is, therefore, insufficient.   p. 546.

4. SAME.—*Complaint.—Negligence.—Violation of Ordinance.*—A complaint for negligence in the violation of a town ordinance must allege that the ordinance was duly enacted and that it is still in force.   p. 546.

5. SAME.—*Complaint.—Theory.—Appeal.*—The theory of a complaint, as shown by its averments, and adopted by the trial court, must be adhered to on appeal.   p. 546.

6. SAME.—*Complaint.—Negligence.—Consequent Injury.—How Alleged.*—A complaint alleging that "plaintiff was driving along and upon said street, on a load of baled hay, and without seeing or knowing the condition of said [telephone] wire, * * * he

drove against, and was caught by said wire, and thrown from his wagon," does not show that plaintiff was thrown because of such wire.  p. 547.

7. PLEADING.—*Complaint.—Negligence.—Knowledge.*—An allegation that the defects causing the injury had been in such condition "a number of days or weeks," in effect alleges that such defects had existed a number of days—more than one.  p. 547.

8. SAME.—*Complaint.—Negligence.—Telephones.—Defective Premises.—Notice.—Time to Repair.*—A complaint against a telephone company for injuries caused by a wire suspended low across a street, which alleges that the company had notice thereof, must further show that the company had such notice in time to remedy the defect before such injury happened.  p. 548.

From Superior Court of Vanderburgh County; *Alexander Gilchrist*, Judge.

Action by Harry D. Pierson against the Cumberland Telephone & Telegraph Company.  From a judgment for plaintiff, defendant appeals.  *Reversed.*

*Elbert M. Swan, William C. Mason* and *James T. Walker,* for appellant.

*J. W. Burns, C. L. Wedding* and *DeBruler, Welman & DeBruler,* for appellee.

MONTGOMERY, J.—Appellee recovered a judgment against appellant in the court below for $7,000 on account of a personal injury sustained by reason of appellant's alleged negligence.  Appellant's demurrer to the complaint, on the ground of insufficient facts, was overruled, and that ruling constitutes the first alleged error.

That part of the complaint necessary to a consideration of the question presented reads as follows:  "That Walnut street, in the town of Dale, is one of the principal thoroughfares of said town, and is a public street; that on the date before mentioned, from said Walnut street, and crossing the same, the company had a wire drawn from east to west, the wire being fastened on the east side of the street to a pole, as described, and on the west side of the street to a dwelling; that on said date said wire drawn across said street was slacked, by being broken loose

from its fastenings to said residence, to which it was fastened after crossing the said street; that by being broken loose from said residence it was so slackened that it was suspended a distance of about eight feet from the ground, or center of said street; that when the wire was so placed across said street it was not high enough above said street to permit the regular travel upon said street and under said wire; that it was the duty of said defendant, by virtue of an ordinance of the town of Dale, found on page 79 of the ordinance book of said town, to have its poles and wires so placed and maintained as not to interfere with the travel of said highways; that on said day this plaintiff was driving along and upon said street, on a load of baled hay, and without seeing or knowing the condition of said wire, as aforesaid, he drove against and was caught by said wire, and thrown from his wagon without any fault, carelessness or negligence of his; that said wire had been in said condition for a number of days or weeks prior to said accident, and said company well knew of its condition, and suffered the same to remain, as before stated, up to the time of said accident.''

This complaint is palpably defective. It will be noted, first, that no act or omission of appellant's is characterized as careless or negligent, but the culpable quality of its acts is left to inference. The principle has been frequently declared and applied by this court that, in common-law actions founded upon negligence, the negligence relied upon must be charged in general terms, or facts must be averred sufficient to compel the inference of such negligence as will constitute the proximate cause of the injuries sustained. *Pittsburgh, etc., R. Co.* v. *Schepman* (1908), 171 Ind. —; *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290, 299; *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239, and cases cited.

It appears from the complaint that appellant's telephone

wires were maintained along and upon the streets of the incorporated town of Dale, and, inferentially, with the permission of the corporate authorities, and it is further made manifest that the terms upon which such franchise was to be exercised were to some extent prescribed by ordinance. In this connection it is alleged ''that it was the duty of said defendant, by virtue of an ordinance of the town of Dale, found on page 79 of the ordinance book of said town, to have its poles and wires so placed and maintained as not to interfere with the travel of said highways.'' This averment embodies merely the pleader's conclusion as to the substance and effect of the ordinance, and is not the averment of a fact. *Wabash R. Co.* v. *Hassett* (1908), *ante,* 370, and cases cited.

A complaint for a tortious injury, predicated to any extent upon a breach of the provisions of a municipal ordinance, should allege that the ordinance was duly enacted and is still in force, and should set out at least its substance. *Lake Erie, etc., R. Co.* v. *Hancock* (1896), 15 Ind. App. 104; *Lake Erie, etc., R. Co.* v. *Mikesell* (1899), 23 Ind. App. 395; *Southern R. Co.* v. *Jones* (1904), 33 Ind. App. 333.

It is apparent that the terms of the ordinance to which reference is made were likely to become material to a full consideration of this case, and it was manifestly the purpose of the pleader to found the action upon a breach of the contract formed by appellant's acceptance of the provisions of the franchise ordinance. An unlawful obstruction of the highway might constitute an offense under the statute, and justify an action by one injured thereby, as claimed by appellee's counsel; but we think the complaint in this case did not proceed upon that theory, and should be construed upon the manifest theory adopted by the pleader as exhibited by the pleading. Construed in this light, sufficient facts are not alleged to show the exist-

ence of the ordinance or a negligent breach of its terms by appellant. *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537; *Robertson* v. *Ford* (1905), 164 Ind. 538; *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247; *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617; *Jeffersonville, etc., R. Co.* v. *Dunlap* (1868), 29 Ind. 426.

The complaint alleges that appellee drove into and was caught by the wire, but it is not averred that he was thereby thrown from his wagon. The complaint is disapproved in this respect. A complaint founded upon negligence should directly charge or aver such facts as necessarily create an inference that the injury for which the action is brought was the natural and proximate result of the defendant's negligence. 14 Ency. Pl. and Pr., 336; *Laporte Carriage Co.* v. *Sullender, supra; City of Logansport* v. *Kihm* (1902), 159 Ind. 68; *Pittsburgh, etc., R. Co.* v. *Conn* (1885), 104 Ind. 64; *Corporation of Bluffton* v. *Mathews* (1883), 92 Ind. 213.

It is alleged that the wire had been in the condition described for "a number of days or weeks" prior to the accident. The use of the disjunctive makes this averment in effect charge that the wire was down for a number of days. No fact or circumstance calculated to cause appellant to apprehend that its wires might need repairs is alleged, nor anything explaining its opportunity to learn of the existence of the defect described. If the wire had been sagging down for more than one day, the charge in the complaint would have been satisfied. In the absence of any other facts or circumstances tending to facilitate the acquisition of knowledge, or to charge appellant with notice of the defect in question, we are unable to say that its existence for "a number of days" is sufficient to charge appellant with notice thereof and afford a reasonable time in which to make the proper repairs. It is al-

leged that appellant knew of the conditions of which complaint is made, but there is no averment as to the length of time prior to the accident that such knowledge was possessed. Appellant was entitled under the law to a reasonable time in which to make necessary repairs, after obtaining actual knowledge or constructive notice of the alleged defect, before responsibility for neglect to make proper repairs could attach. In the absence of a general charge of negligence the complaint is insufficient in this respect to show that appellant negligently failed to make repairs. *Kentucky, etc., R. Co.* v. *Moran* (1907), 169 Ind. 18.

The judgment is reversed, with directions to sustain appellant's demurrer to the complaint, and for further proceedings.