## CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* PERKINS.

[No. 21,107.   Filed December 8, 1908.]

1. MASTER AND SERVANT.—*Safe Place.—Ways, Works and Machinery.*—A negligent failure of the master to furnish and maintain a safe place in which the servant may work, or to furnish safe ways, works or machinery, to the servant's damage, renders the master liable.   p. 312.

2. SAME.—*Assumption of Risk.*—A mature servant assumes all open and obvious risks.   p. 312.

3. PLEADING. — *Complaint.—Allegations.—Recitals.—Inferences.*—A complaint should allege facts directly and not by way of recital; and only the inferences necessarily arising from the facts alleged will be indulged.   p. 313.

4. SAME.—*Complaint.—Master and Servant.—Negligence.—Failure to Characterize Acts as Negligent.*—A failure to characterize defendant's acts as negligent is fatal, in a personal injury case, unless the facts alleged compel the inference of negligence as the proximate cause of the injury.   p. 313.

5. SAME.—*Complaint.—Master and Servant.—Railroads.—Dangerous Obstructions.—Notice.*—A complaint alleging that defendant railroad company agreed to give plaintiff notice in writing of the dangerous places along its road, that it gave him a list thereof but failed to indicate the place where plaintiff was injured, is insufficient, where it is not alleged that such place was dangerous. p. 313.

6. SAME.—*Complaint.—Master and Servant.—Railroads.—Obstruction "Within a Few Inches" of the Track.*—A complaint alleging that defendant railroad company maintained its side-track so near a building "that an ordinary freight-car passing thereby

approximated the same within a few inches," does not show that the company was negligent in maintaining its track so as to expose its servants to danger in the performance of their duties. p. 314.

7. PLEADING. — Complaint. — Master and Servant. — Dangerous Place.—A complaint alleging that defendant railroad company determined to set a car on its side-track, "in the doing of which said car would necessarily pass with the ladder on said car within six inches" of a building maintained by defendant, "that the plaintiff was standing on the ground * * * when he was ordered by his master to go up the ladder of said car" and set the brake, that while he was ascending the ladder the master directed the engineer to move the train, and that in passing in the darkness plaintiff was crushed against such building, fails to show any duty on the part of the company to notify plaintiff of the dangers arising from the situation of the building. p. 314.

8. SAME.—Complaint.—Master and Servant.—Dangerous Place.— Notice.—A complaint, in an action by a brakeman against his company for maintaining a building too near its track, to his injury, alleging "that the plaintiff had no notice, knowledge or suspicion that said building approximated the track in the manner and form heretofore alleged ["within a few inches"], or in any otherwise, so as to hazard the life or limb of the employes of the road, neither had the plaintiff any opportunity to judge of the proximity of said building to said track, until the wrongs and injuries hereinafter complained of" occurred, without denying knowledge of the existence and general situation of the building, fails to show when he was without such notice, and is not specific. p. 315.

9. SAME.—Complaint.—Master and Servant.—Line of Employment. —A complaint by a servant against his master for personal injuries must allege that the injury was received while the servant was acting within the scope of his employment. p. 315.

10. SAME.—Complaint.—Master and Servant.—Master's Orders.— Recitals.—An allegation, in a personal injury case, "that the plaintiff was standing on the ground, in a place of perfect safety, when he was ordered by his master to go up the ladder of said car, and, at a point designated, to set the brake and stop the car," is a mere recital and insufficient. p. 315.

11. APPEAL.—Judgment Resting Upon Good and Bad Paragraphs.— A judgment on a complaint consisting of a good and a bad paragraph, where a demurrer to the bad paragraph has been overruled, will be reversed, unless it is affirmatively shown that the judgment rests exclusively upon the good paragraph. p. 316.

From Benton Circuit Court; *James T. Saunderson,* Judge.

Action by Emery Perkins against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment on a verdict for plaintiff for $25,000, defendant appeals. *Reversed.*

*Leonard J. Hackney, Charles M. Snyder* and *Crane & McCabe,* for appellant.

*Fraser & Isham* and *Addison C. Harris,* for appellee.

MONTGOMERY, J.—Appellee recovered a judgment on account of personal injuries received while in appellant's service. The complaint consisted of two paragraphs, and was answered by a general denial. Demurrers to each paragraph of the complaint, on the ground that the facts therein contained were insufficient to constitute a cause of action, were overruled, and these rulings have been assigned as errors.

The first paragraph of complaint, omitting the caption, prayer and signature, is as follows: "The plaintiff complains of the defendant, and in complaining says: That by reason of the wrongs and injuries hereinafter alleged, the defendant became, and now is, indebted to the plaintiff in the sum of $25,000; that on and before December 19, 1904, the plaintiff was employed by the defendant as his master, and engaged on and before said day in the service of the defendant as a servant under a contract of employment, whereby the defendant employed the plaintiff to serve as a brakeman on a freight-train of the defendant, by which the defendant acted as a railway corporation and transported commerce, as a common carrier, for hire, by said freight-train, over and upon a railroad track and right of way in and through Benton county, Indiana; that the defendant, on said day, occupied and possessed a right of way, more than one hundred feet wide, and a railroad track in and through Benton county, Indiana, at the place hereinafter mentioned, which said right of way was occupied on said day by main, side- and passing tracks, and by a structure, substantial and heavy, erected on its right of way in close prox-

imity to its side-track, in the town of Fowler, Benton county, Indiana; that said building was constructed of heavy timbers, lumber and the like, and used as a storehouse for coal; that said building so closely occupied the right of way up to the side-track that an ordinary freight-car, passing thereby, approximated the same within a few inches; that said building had, long before said December 19, so occupied the right of way of the defendant, and the proximity of it to the track was, on said day and long before, well known to the defendant; that on said day the plaintiff was about twenty years of age, of perfect physical and mental development and strength, but had no experience in the dangers, hazards and duties of a railway brakeman, except what he had acquired in the previous six months as rear brakeman on a freight-train of the defendant; that when he was employed by the defendant, it contracted and agreed with him, before he entered upon the discharge of his duties as brakeman, to give him notice in writing of all dangerous places, overhanging or nearby structures, which would in anywise add to the hazard of his duties; that, in a pretended compliance with said contract, the defendant gave to plaintiff written descriptions of many structures that overhung and closely approximated its track, but wholly failed and neglected in said writing, or otherwise, to give him any notice of the existence of said structure at said town of Fowler; that, when the plaintiff went into the employment of the defendant, he was wholly unfamiliar with railroads, and relied wholly upon the representation of said defendant that the writing delivered to him would contain notice of all the dangerous places along its track; that the plaintiff had no notice, knowledge or suspicion that said building approximated the track in the manner and form heretofore alleged, or in any other wise, so as to hazard the life or limb of the employes of the road, neither had the plaintiff any opportunity to judge of the proximity of said building to said track, until the wrongs and injuries hereinafter complained of; that on December

19, 1904, in the night-time, the plaintiff came to the town of
Fowler on a freight-train of the defendant, consisting of
many freight-cars, an engine and tender, and a coach for
the accommodation of the crew, which train was manned,
operated and controlled in the manner following: The prin-
cipal, his master, was present, operating and directing the
movement, management and doings of said engine and cars,
and controlling, directing and working the crew thereof, to
wit: The engineer, fireman, front brakeman, and this plain-
tiff, in the person of the conductor, who, as vice-principal,
had absolute control and authority over all the servants,
ways and means of the defendant, by which it transported
the commerce in said train; that, among other of the cars on
said train, there was one freight-car, equipped with brakes
that could be set and released by a shaft extending from the
machinery of said car and the brake down by the wheels
and under the body of the car; that said shaft extended up-
ward above the car, and was equipped with a wheel, which,
on being turned one way, so operated said shaft and the
chains, wheels and the like articulated thereto, as that the
brake was thereby set, and by turning said wheel in the op-
posite direction the brake was released; that the only means
of reaching the top or roof of said car, where said wheel was
situate, was by a ladder which extended from top to bottom
on the side of said car; that on said December 19, 1904, said
defendant, for the convenience of itself, determined to put
said car in, and stop the same on the side-track at the town
of Fowler, in the doing of which said car would necessarily
pass with the ladder on said car within six inches of said
structure; that the plaintiff was standing on the ground,
in a place of perfect safety, when he was ordered by his
master to go up the ladder of said car, and, at a point des-
ignated, to set the brake and stop said car; that when upon
the ladder, on his way to discharge the duty imposed upon
him by his master, the defendant, by order and direction to
the engineman, put said car in motion, and ran the same

past said structure, in the darkness, and thus and thereby caught the plaintiff between its said car and said structure, and broke his leg, his foot being caught and held between said ladder and said structure, the bones of his foot and the tendons and muscles thereof were twisted, broken, and thrown out, and as the car passed the plaintiff was thrown therefrom and cast under the wheels of the car, three of his ribs were broken, a leg severed, and his skull fractured; that the plaintiff was wholly without fault, and was not negligent either in going upon said car, or in performing the acts that brought about his injuries, but that the said injuries to plaintiff wholly resulted from the negligence and want of care of the defendant and the breach of its duty toward him; that, by reason of the injuries received by the plaintiff as aforesaid, he is rendered incapable of earning money, and has suffered, and will continue to suffer, great pain and anguish of mind.''

Appellee's learned counsel concede that the complaint is founded upon the common-law obligations and duties of a master to his servant, as embodied in clause one of §8017 Burns 1908, Acts 1893, p. 294, §1. It is an elementary principle that masters owe their servants the duty of providing for them a reasonably safe place in which to work, and of exercising ordinary care to keep such place in reasonably safe condition during the employment; and for a negligent breach of this duty, resulting in injury to a servant, while in the exercise of due care, by reason of any defect in the condition of its ways, works, plant, tools and machinery, the master will be held liable. The law imposes no duty on the master to warn and instruct employes, under no disabilities, of dangers which are patent to persons of ordinary intelligence, but one who undertakes to do work which exposes him to such obvious dangers assumes the risk of injury. Appellant's counsel assail the first paragraph of complaint with a volley of criticisms,

many of them purely technical, but some of which are substantial, and fatal to its sufficiency in law.

A well-settled rule of pleading requires that facts material and necessary to constitute the cause of action declared upon be directly averred, and that no essential element 3. be shown by way of recital or be left to inference. Only inferences necessarily arising from facts alleged will be indulged in determining the sufficiency of a pleading when tested by demurrer. *Chicago, etc., R. Co.* v. *McCandish* (1907), 167 Ind. 648; *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537; *Greenfield Gas Co.* v. *Trees* (1905), 165 Ind. 209; *Malott* v. *Sample* (1905), 164 Ind. 645; *Robertson* v. *Ford* (1905), 164 Ind. 538; *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557.

It will be observed first, that no act or omission of appellant is characterized as negligent, and that word appears only in the disconnected and isolated conclusion toward 4. the end of the pleading, ''that said injuries to plaintiff wholly resulted from the negligence and. want of care of the defendant and the breach of its duty toward him.'' The principle has been announced frequently, and enforced in common-law actions founded upon negligence, that the negligence relied upon must be charged in terms, or facts must be averred sufficient to compel the inference of such negligence as will constitute the proximate cause of the injuries sustained. *Cumberland Tel., etc., Co.* v. *Pierson* (1908), 170 Ind. 543; *Pittsburgh, etc., R. Co.* v. *Schepman* (1908), *ante,* 71; *Laporte Carriage Co.* v. *Sullender, supra; Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239.

It is charged that, in connection with the contract of hiring, appellant agreed to give appellee ''notice in writing of all dangerous places, overhanging or nearby struc-. 5. tures, which would in anywise add to the hazard of his duties,'' and that appellant failed to give appel-

lee notice in writing or otherwise of the structure with which he collided. The duties and hazards of appellee's ·employment are not alleged, either specifically or generally, nor is it charged, even in general terms, that the situation of the coal shed as described was a nearby structure which necessarily added to the hazard of appellee's duties. It is averred merely, "that said building so closely occupied the right of way up to the side-track that an ordinary freight-car passing thereby approximated the same within a few inches."

The specification "a few inches" is too indefinite to compel the inference of negligence in the maintenance of this coal shed as it stood. The allegation may be true, and yet appellee could, by the exercise of due care, have passed the shed with safety. This court in analogous cases has concisely defined the standard of measuring actionable negligence, in the following words: "It would seem that the correct standard by which the negligence of the railroad company ought to be measured when the action is for an injury or death to one of its trainmen, arising out of its alleged negligence in erecting or maintaining a chute in too close proximity to its track is, that it must be, when so erected and maintained, dangerous and unsafe to persons operating its trains when they are exercising, under the particular circumstances, ordinary care." *New York, etc., R. Co.* v. *Ostman* (1896), 146 Ind. 452, 460. See, also, *Pennsylvania Co.* v. *Finney* (1896), ·145 Ind. 551.

In the absence of any showing as to appellee's duties, and any averment that this structure, as described, necessarily added to the hazards of his employment, or that it was negligently constructed or negligently maintained by appellant in dangerous proximity to the track, we cannot infer that appellant was under obligation to notify appellee of the situation of this building and of the consequent danger therefrom, and must hold this paragraph of complaint insufficient.

Cleveland, etc., R. Co. *v.* Perkins—171 Ind. 307.

It is alleged that the location of the building with reference to the track was well known to appellant; but since it was not charged that the building was unnecessarily maintained at such specific proximity as to imperil the safety of employes, or was negligently maintained in the position described, such knowledge on the part of the company would not necessarily make it culpable for a failure to remove the structure or to notify appellee of its situation.

Appellee's want of notice or knowledge of danger from the building and of its nearness to the track is alleged, but that he knew of its existence and general situation is not denied, nor is any time specified when he was without such notice or knowledge, and reference may have been made to the time of entering into appellant's service, as well as to the time of receiving his injury. This allegation, as a matter of good pleading, should be made more specific, and when so done would ordinarily dispense with the next following, which alleges, in general terms, that appellee had no opportunity to judge of the proximity of the building to the track until the happening of the occurrences of which he complains. *Baltimore, etc., R. Co.* v. *Roberts* (1903), 161 Ind. 1; *Pennsylvania Co.* v. *Brush* (1892), 130 Ind. 347; *Ohio, etc., R. Co.* v. *Pearcy* (1891), 128 Ind. 197; *Parke County Coal Co.* v. *Barth* (1892), 5 Ind. App. 159.

A complaint in the class of cases to which this belongs must show that the person injured was acting within the scope of his employment at the time the injury was sustained. Appellee's complaint is at least subject to criticism in this respect. An attempt is made to show that he was acting upon orders, but the averment is that he was standing on the ground "when he was ordered by his master to go up the ladder of said car and, at a point designated, to set the brake and stop said car." A similar expression was recently condemned

by this court as not a proper allegation of fact, but a mere recital. *Southern R. Co.* v. *Elliott* (1908), 170 Ind. 273.

The second paragraph of complaint, as we view it, is not based upon clause two of §8017 Burns 1908, Acts 1893, p. 294, §1, as claimed by appellant's counsel, but is founded upon the common-law liability. This paragraph alleges the facts affirmatively and with much detail, and avoids the defects which are found in the first paragraph, and which we have already considered. This paragraph was sufficient to repel appellant's demurrer thereto for want of facts, and no error was committed in overruling the same.

In the case of *Lake Erie, etc., R. Co.* v. *McFall* (1905), 165 Ind. 574, 583, this court said: "Where a material error has found its way into a cause, the presumption must be, in the absence of a clear showing to the contrary, that the judgment was in some degree a product of such error." The rule has long been settled in this State that a judgment in favor of a plaintiff must be reversed where a demurrer has been overruled to an insufficient paragraph of complaint, unless it affirmatively appears from the record that the verdict or finding rests exclusively upon a good paragraph or paragraphs. *Lake Shore, etc., R. Co.* v. *Barnes* (1906), 166 Ind. 7, 3 L. R. A. (N. S.) 778; *Baltimore, etc., R. Co. v. Jones* (1902), 158 Ind. 87; *Cincinnati, etc., R. Co.* v. *Darling* (1892), 130 Ind. 376; *Ryan* v. *Hurley* (1889), 119 Ind. 115; *Belt R., etc., Co.* v. *Mann* (1886), 107 Ind. 89; *Walker* v. *Heller* (1885), 104 Ind. 327; *Rowe* v. *Peabody* (1885), 102 Ind. 198; *City of Logansport* v. *La Rose* (1884), 99 Ind. 117; *Lang* v. *Oppenheim* (1884), 96 Ind. 47; *Ethel* v. *Batchelder* (1883), 90 Ind. 520; *Pennsylvania Co.* v. *Holderman* (1879), 69 Ind. 18; *Cook* v. *Hopkins* (1879), 66 Ind. 208; *Evansville, etc., Packet Co.* v. *Wildman* (1878), 63 Ind. 370; *Schafer* v. *State, ex rel.* (1875), 49 Ind. 460; *Bailey* v. *Troxell* (1873), 43 Ind. 432; *Peery* v. *Greensburgh, etc., Turnpike Co.* (1873), 43 Ind. 321; *Wolf* v. *Schofield* (1871), 38 Ind. 175.

It cannot be ascertained and declared from this record that the trial proceeded, and the verdict and judgment rested, wholly and exclusively upon the second paragraph of complaint. The error in overruling appellant's demurrer to the first paragraph must accordingly be presumed to have been harmful. Other alleged errors, occurring upon the trial, need not be now considered, as they may not again occur.

The judgment is reversed, with directions to sustain appellant's demurrer to the first paragraph of complaint, and for further proceedings.