## JOURDAN *v.* TOWN OF LAGRANGE.

[No. 8,829.   Filed February 17, 1914.]

1. MUNICIPAL CORPORATIONS.—*Negligence.*—*Complaint.*—*Demurrer.* —In an action against a town for injuries to an employe while at work on its streets, where the complaint was on the theory that the rule *respondeat superior* applied to the facts set out, objections on demurrer thereto that the town could not be liable for the reason that it is a subdivision of the State and was at the time performing a State function were not applicable.   p. 506.

2. MUNICIPAL CORPORATIONS.—*Ministerial Functions.*—*Street Paving.*—In prosecuting the details of the work of paving a street a city performs a mere ministerial duty, and not one enjoined upon it as a subdivision of the State; hence it is not exempt from liability for injuries to its employe by its negligence in the prosecution of such work.   p. 506.

3. MASTER AND SERVANT.—*Injuries to Servant.*—*Complaint.*—*Conclusions.*—In an action for injuries received while plowing a street preliminary to paving same, a complaint alleging that defendant knew that there was a plow specially designed for plowing hard streets with safety to those using same, that defendant failed to procure a good and improved plow for said purpose, but furnished an ordinary plow, knowing at the time that it was extrahazardous and dangerous to use a common plow for such purpose, was insufficient as stating mere conclusions, in the absence of averments showing in what respect the plow used was not suitable, or in what manner a different plow would have been better suited.   p. 506.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Duty of Master.*— *Tools and Appliances.*—A master is not obliged to use the most

improved appliances in his work, but is only required to use ordinary care to furnish safe appliances; hence a city is not chargeable with negligence in furnishing an employe an ordinary plow to be used in plowing a public street. p. 507.

5. MASTER AND SERVANT.— *Injuries to Servant.— Assumption of Risk.*—Plaintiff, who was injured by being thrown from the beam of a plow on which he was riding while plowing a street, must be deemed to have assumed the risk, in the absence of allegations showing that he was unfamiliar with the plow and the uses to which it was put, since a man of common understanding must have known that if the point of the plow came in contact with any hard substance it would jump and be likely to throw a man riding on the beam so as to injure him. p. 507.

6. NEGLIGENCE. — *Action. — Pleading.* — In common-law actions founded upon negligence, the negligence relied on must be charged in terms, or facts must be averred sufficient to compel the inference of negligence constituting the proximate cause of the injuries sustained. p. 508.

7. MUNICIPAL CORPORATIONS.—*Public Improvements.— Negligence.*—Placing an eight-inch sewer pipe fifteen inches under the ground in a public street is not negligence rendering the city liable for injuries to an employe engaged in plowing the street, caused by the plow coming in contact with such pipe. p. 508.

8. MASTER AND SERVANT.—*Injuries to Servant.—Negligence of Fellow Servants.*—An employe injured while engaged in plowing a street cannot recover if the injury resulted from the negligence of fellow servants in the operation of the plow. p. 508.

9. MASTER AND SERVANT.— *Injuries to Servant.— Complaint.— Authority of Foreman.*—In an action for injuries to a servant alleged to have occurred while working under the order or direction of an agent or servant of defendant, the complaint must show that such person had authority to give such order or direction. p. 509.

From Lagrange Circuit Court; *James S. Drake*, Judge.

Action by Abraham L. L. Jourdan against the Town of Lagrange. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*James S. Dodge*, for appellant.

*Leroy A. Foster* and *Hanan, Ewbank & Hanan*, for appellee.

SHEA, J.—Appellant brought this action against appellee to recover damages for injuries sustained by him through

appellee's alleged negligence while in its employ, plowing one of its streets. The complaint in one paragraph, omitting the formal parts, reads as follows: "That on the 28th day of June, 1909, the said defendant, by its officers and agents, was engaged in paving a portion of one of the public streets of said defendant known as Lafayette Street, at a point near where the same intersects Detroit Street in said defendant town; that in the prosecution of said work, the said defendant, by its officers and agents, engaged in plowing a portion of said Lafayette Street, immediately east of Detroit Street and on the north side of Lafayette Street in said town; that the said defendant at said time well knew that there was manufactured and for sale, a plow known as the rooter plow, manufactured for the purpose of plowing or breaking up hard streets with safety to those using the same; that the said defendant at said time and place unmindful of its duty to provide its agents and employes with safe tools to work with, wholly failed and refused to procure a good and sufficient and improved plow for said purpose, but on the contrary furnished to its officers and agents an ordinary plow for their use in breaking up said Lafayette Street as aforesaid; that said defendant well knew at the time that it was extrahazardous and dangerous to use a common farm plow for the purpose of breaking up the surface of a hard street immediately over sewer pipe buried therein only fifteen inches under the surface of the street and running longitudinally with said street, which facts were at the time unknown to plaintiff; that at the point where the said defendant was plowing or breaking up said Lafayette Street as aforesaid, the said defendant, at some time prior to the said plowing as hereinbefore set forth, and wholly unknown to the plaintiff, had constructed, or caused to be constructed, a sewer of eight-inch sewer pipe, buried about fifteen inches under the surface of the ground and extending east and west on the north side of said Lafayette Street; that at said time and

place, as hereinbefore set forth, this plaintiff was in the employ of the said defendant and was directed and ordered by the officers and agents of said defendant, at said time and place, to ride the beam of the said common farm plow in order to force the said plow into said hard ground or street; that the said defendant at said time and place, by its officers and agents knew, or by the exercise of ordinary care should have known, that at said time and place, said eight-inch sewer pipe was about fifteen inches below the surface of the street, and the said defendant knew that in breaking up the street in manner and form as hereinbefore set forth, the said plow would strike or catch in the end of said sewer pipe, and would then and there and thereby violently throw and injure this plaintiff; that this plaintiff at said time and place, and while employed by the said defendant as aforesaid, in obedience to the commands of the said defendant, its officers and agents, took his position upon the beam of said plow and attempted to hold the same in the ground, while the same was being driven and used as hereinbefore set out, and while being so driven, the said plow caught in the end of one of the said eight-inch sewer pipes, without the knowledge of the plaintiff; that plaintiff, at said time and place had no knowledge, or means of knowing, that said sewer pipe was in the ground at said place as hereinbefore set forth; that when said point of said plow caught in the end of said sewer pipe as hereinbefore set forth, the said plow was jerked and wrenched, and the same threw plaintiff with great force and violence, in such a manner that plaintiff's right leg came in violent contact with parts of said plow, and plaintiff's said leg was then and there cut and bruised'', etc.

Appellee's demurrer to the complaint was sustained, and this ruling is assigned as error. Judgment was rendered that plaintiff take nothing by his complaint and pay the costs of the suit. With its demurrer, appellee filed a memorandum setting out eighteen alleged defects. The first and

second grounds of objection present the question of the liability of appellee, claiming that the town is a subdivision of the State, and was at the time performing a State function, therefore there can be no liability for the alleged negligent acts of appellee and the resulting injury to appellant. The theory of the complaint is that the rule *respondeat superior* applies to the facts set out. Therefore the principle sought to be invoked in the first and second causes for demurrer can have no application.

It is clear that in the actual prosecution of the details of the work of repairing the street in question, appellee was performing a ministerial duty, and therefore not engaged in discharging a duty enjoined upon it as a subdivision of the State in the exercise of legislative powers. Therefore, if the complaint shows that the city owed a duty to appellant, and that the city has been guilty of negligence which was the proximate cause of appellant's injury complained of, it will withstand a demurrer. *City of Anderson* v. *East* (1889), 117 Ind. 126, 19 N. E. 726, 2 L. R. A. 712, 10 Am. St. 35; *City of Lebanon* v. *McCoy* (1895), 12 Ind. App. 500, 40 N. E. 700.

The complaint contains allegations showing that appellant was employed by appellee at the time and place in question, and was directed by some servant or agent to perform the particular work. It is not charged that he was within the line of his duty, neither is there any averment as to what his duties were under his employment by appellee. It is charged that the appellee knew that there was manufactured and for sale, a plow known as the rooter plow, used for the purpose of plowing up hard streets with safety to those using the same; that appellee, unmindful of its duty to provide its agents and employes with safe tools to work with, failed and refused to procure a good and improved plow for said purpose, but furnished to its officers and agents an ordinary plow for their use; that appellee well knew at the time that it was

extrahazardous and dangerous to use a common farm plow for the purpose of breaking up the surface of a hard street immediately over sewer pipe, buried therein only fifteen inches under the surface of the street and running longitudinally with the street, which facts were at the time unknown to appellant. It is not stated in what manner an ordinary plow was not suited for the purposes for which it was used, nor is it stated in what manner a rooter plow would be better suited. These statements of the pleader are conclusions pure and simple. It is not charged that there was any defect in the plow used, but it is in fact stated that it was an ordinary plow.

The proximate cause of appellant's injury, to wit, the contact of the plow with the sewer pipe, is not directly charged to be the negligence of appellee. It is not negligence to use an ordinary plow in plowing a public street, as the master is not obliged to use the most improved appliances in his work. He is only charged with the duty to use ordinary care to furnish safe appliances. *Indianapolis Abattoir Co.* v. *Neidlinger* (1910), 174 Ind. 400, 404, 92 N. E. 169; *Indiana Car Co.* v. *Parker* (1885), 100 Ind. 181, 187; *Lake Shore, etc., R. Co.* v. *McCormick* (1881), 74 Ind. 440, 446. It is not charged in the complaint that appellant was unfamiliar with the plow and the uses to which it was put. Its condition was open and obvious, so far as the allegations of the complaint show, to the servant as well as to the master. A man of common understanding must have known that if the point of the plow came in contact with a stone or sewer pipe or any hard substance, it would jump and likely throw a man riding the beam, and possibly injure him. It is true the complaint alleges that appellee knew the use of the plow in the public street was extrahazardous, but this is far from charging any defect in the plow itself. It was used by appellant and his fellow servants, and the manner and character of the use was open

and obvious to them. Under such circumstances, there was a clear assumption of risk. In the case of *Swanson* v. *City of Lafayette* (1893), 134 Ind. 625, 627, 33 N. E. 1033, the court says: ''Where the danger is alike open to the observation of all, both the master and the servant are upon an equality, and the master is not liable for an injury resulting from the dangers incident to the business.'' Citing numerous authorities. The Supreme Court of this State in the case of *Cleveland, etc., R. Co.* v. *Perkins* (1908), 171 Ind. 307, 313, 86 N. E. 405, used this language, which is quite applicable to the case now under consideration: ''It will be observed first, that no act or omission of appellant is characterized as negligent, and that word appears only in the disconnected and isolated conclusion toward the end of the pleading, 'that said injuries to plaintiff wholly resulted from the negligence and want of care of the defendant and the breach of its duty toward him'. The principle has been announced frequently, and enforced in common law actions founded upon negligence, that the negligence relied upon must be charged in terms, or facts must be averred sufficient to compel the inference of such negligence as will constitute the proximate cause of the injuries sustained. *Cumberland Tel., etc., Co.* v. *Pierson* (1908), 170 Ind. 543, [84 N. E. 1088]; *Pittsburgh, etc., R. Co.* v. *Schepman* (1908), 171 Ind. 71, [84 N. E. 988]; *Laporte Carriage Co.* v. *Sullender* [1905], 165 Ind. 290, [75 N. E. 270]; *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239, [3 N. E. 874].''

It is not negligence to bury an eight-inch sewer pipe fifteen inches under the ground in the street. It is not charged that there was any negligence in the operation of the plow. The men in charge of the plow were, so far as the pleading shows, the fellow servants of appellant; and any negligence of which they may have been guilty would defeat appellant's recovery. It is charged that some officer or agent of appellee

directed appellant to ride the beam of the plow. It is not charged that this was a foreman or other person whose orders he was bound to obey. The allegation that an agent or servant gave the order must show the servant's authority. *Pittsburgh, etc., R. Co.* v. *Adams* (1886), 105 Ind. 151, 169, 5 N. E. 187; *Cleveland, etc., R. Co.* v. *Peirce* (1904), 34 Ind. App. 188, 192, 194, 72 N. E. 604. The allegations are not sufficient to charge this as the act of the master, as it may have been a mere suggestion of some fellow workman to whose orders he was not obliged to conform, so that the allegations do not bring the complaint within the terms of §2 of the Employers Liability Act (§8017 Burns 1908, Acts 1893 p. 294). No act of negligence upon the part of appellee is properly charged in the complaint as the proximate cause of the injury, neither can it be ascertained by any reasonable or fair inference.

The memorandum filed with the demurrer clearly presents the above questions.

Judgment affirmed.

Note.—Reported in 104 N. E. 104. As to nonrequirement that master furnish servant the lastest designed and best possible implement to work with, see 98 Am. St. 293. As to the servant's assumption of risk from latent danger or defect, see 17 L. R. A. (N. S.) 76. As to the assumption of obvious risks of hazardous employment, see 1 L. R. A. (N. S.) 272; 38 L. Ed. U. S. 391. See, also, under (1) 28 Cyc. 1263; (2) 28 Cyc. 1286; (3) 26 Cyc. 1386, 1389; (4) 26 Cyc. 1107; (5) 26 Cyc. 1188, 1196; (6) 29 Cyc. 570, 572; (7) 28 Cyc. 1315; (8) 26 Cyc. 1276; (9) 26 Cyc. 1391.