PHILLIPS ET AL. *v.* KLEPFER, BY NEXT FRIEND

[No. 27,411.   Filed May 29, 1940.]

*Arthur T. Mayfield* and *Homer J. Sandusky*, both of Indianapolis, for appellants.

*William B. Miller* and *Sol C. Bodner*, both of Indianapolis, for appellee.

ROLL, C. J.—This was an action by appellee, Charlotte Klepfer, by her next friend, Forest Klepfer, to recover damages for personal injuries. The complaint was in one paragraph to which the appellants filed a demurrer. The demurrer was overruled and the case was tried by the court without a jury. There was a finding and a judgment for appellee and this appeal was perfected. The only error relied upon for reversal is the overruling of the demurrer to the complaint.

The complaint alleged that the appellants were the owners and operators of a certain carnival and were operating the same as a concession at the Indiana State

Fair Grounds on September 10, 1938. Among the various entertaining devices operated by appellants was a certain instrument known as the "Caterpillar." Appellee visited the State Fair on said day, paid her regular admission fee, and also paid the fee charged by the defendants to ride on said caterpillar. The charging part of the complaint reads as follows:

"That this plaintiff after paying and receiving her said ride on said caterpillar and after entering upon said tram runway, which was nailed upon said side boards and over which sticks and pieces of wood were nailed on said flat surface of said tram runway, this plaintiff's foot and heel caught on one of such nailed sticks and pieces of wood throwing her down upon the ground and against the side of said tram runway"

The plaintiff then describes the injuries suffered as a result of her fall. Then the plaintiff uses the following language:

"Plaintiff further says that for reason of said defendant negligence as above set out and without plaintiff's fault she was confined to her bed for a week etc."

The demurrer challenges the sufficiency of the facts on several grounds. One ground for demurrer was that the complaint did not allege any negligent conduct on the part of the defendants. It is stated in the complaint that the defendants had constructed a tram runway as a means of ingress and egress to the caterpiller, and that they had nailed sticks and pieces of wood to the flat surface of said walkway. The complaint in no way charges that the defendants were negligent in the manner in which the sticks were nailed to the runway, nor does she describe the manner in which this was done. She does not describe or give the dimensions of the sticks or pieces of wood used. The only facts

alleged were that pieces of wood and sticks were nailed to the runway; that the heel of her shoe caught on one of said pieces of wood and she fell, causing her injuries. There is no general charge of negligence and no facts pleaded from which the court could determine whether or not there was negligence in the manner in which the work was done or negligence in the kind of material used.

In the case of *Cobe, Receiver,* v. *Malloy* (1909), 44 Ind. App., 8, it is stated,

> "It is a rule of pleading in this State that negligence may be pleaded in general terms. Such was the rule at common law, and our code has not changed it. Another rule for pleading negligence permits the pleader directly to allege facts showing a legal duty and its breach followed by such facts as will certainly inform the court that the act done, or omitted to be done, was committed or omitted in the absence of due care. *Louisville, etc., R. Co.* v. *Hicks* (1894), 11 Ind. App. 588, 592. In *Cleveland, etc., R. Co.* v. *Perkins* (1908), 171 Ind. 307, it is said: 'A well-settled rule of pleading requires that facts material and necessary to constitute the cause of action declared upon be directly averred, and that no essential element be shown by way of recital or be left to inference. Only inferences necessarily arising from facts alleged will be indulged in determining the sufficiency of a pleading when tested by demurrer.'"

The following exerpt from the above case is applicable to the facts in this case.

> "In the complaint before us there is not a single act done or act omitted to be done by appellant characterized as having been negligently done or negligently omitted to be done, nor do the facts alleged demand the conclusion that appellant was negligent in starting the car without first ringing the bell or sounding the gong. . . . "

In *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239, 3 N. E. 874, it is said:

"In all common-law actions, the basis of which is the negligence of the defendant, negligence or its equivalent must be directly averred, or such facts must be stated as that a presumption of negligence arises.

"It must appear from the complaint, either by direct averment or from the statement of such facts as to a certainty raises the presumption, that the injury was the result of the defendant's negligence, or that it was purposely committed."

This court in *Cleveland etc. R. Co.* v. *Perkins* (1908), 171 Ind. 307, 313, 86 N. E. 405, used this language:

"It will be observed first, that no act or omission of appellant is characterized as negligent, and that word appears only in the disconnected and isolated conclusion toward the end of the pleading, 'that said injuries to plaintiff wholly resulted from the negligence and want of care of the defendant and the breach of its duty toward him.' The principle has been announced frequently, and enforced in common-law actions founded upon negligence, that the negligence relied upon must be charged in, terms, or facts must be averred sufficient to compel the inference of such negligence as will constitute the proximate cause of the injuries sustained. *Cumberland Tel., etc., Co.* v. *Pierson* (1908), 170 Ind. 543; *Pittsburgh, etc., R. Co.* v. *Schepman* (1908), ante, 71; *Laporte Carriage Co.* v. *Sullender, supra; Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239; *Jordan* v. *Town of Lagrange* (1914), 55 Ind. App. 502."

It seems to be the well-settled rule of pleading that in common-law action, the basis of which is negligence or its equivalent, negligence must be directly averred or such facts must be stated as that a presumption of negligence arises. It must appear from the complaint, either by direct averment

or from the statement of such facts as to a certainty raises the presumption that the injury was the result of the defendant's negligence or that it was purposely caused. *Baltimore, etc., Railway Co.* v. *Anderson* (1877), 58 Ind. 413, and cases cited; *Indianapolis, etc., R. R. Co.* v. *Brucey* (1863), 21 Ind. 215; *Terre Haute, etc., R. R. Co.* v. *Smith* (1862), 19 Ind. 42; *Dyer* v. *Pacific Railroad,* 34 Mo. 127; Thompson Neg., p. 1246.

Applying the rule above stated to the facts alleged in the complaint, we are compelled to conclude that the complaint herein is insufficient to withstand a demurrer for want of facts. It is not necessarily negligence to nail sticks and pieces of wood to the flat surface of a tram-runway. It may be negligence not to do so. Whether or not it was negligence depends upon the facts. The mere doing of the thing and the fact that one was injured does not compel the inference of negligence, and, in the absence of any charge of negligence, and where the facts alleged do not compel the inference of negligence, the pleading is insufficient because it does not show any violation of any duty the defendant owed the plaintiff.

The appellee attempts to invoke the rule of res ipsa loquitur and cites in support of this contention, *Kickels* v. *Fein* (1938), 104 Ind. App. 606, 10 N. E. (2d) 297. There is no merit in this contention. The case of *Pennsylvania Co.* v. *Marion, supra,* decides this question adversely to appellee's contention. In that case the court quotes the following from Thompson Car., p. 214:

"It, (the rule of res ipsa loquitur) does not apply where the occasion of the hurt of the passenger was an active voluntary movement on his part, combined with some alleged deficiency in the carrier's means of transportation or accommodation; and

the reason is that in such cases it is necessary to consider whether there may not have been contributory negligence on the part of a passenger. It is only in respect of those accidents which happen to the passenger while he passively trusts himself to the safety of the carrier's means of transportation, or to the skill, diligence, and care of servants, that the rule applies."

The appellee further contends that no question is presented for the following reasons.

The record discloses that the defendants signed a joint and several demurrer. The demurrer reads in part as follows:

"Comes now the defendants and each of them serving themselves from each other, each for himself demurrers separately and severally to plaintiff's complaint etc.,"

The ruling of the court is as follows:

"and the court being advised now overrules said demurrer to which the defendant excepts and the defendant now files answer in general denial as follows."

The answer in denial is by the defendants. Upon this record appellee contends that the trial court only ruled upon one demurrer, and only one defendant excepted and the record is therefore silent as to which defendant took exceptions to the ruling of the court and therefore no question is presented by this appeal. We think it clear, from the record above, that the court intended to and did rule on the joint and several demurrer and did dispose of the contention urged by both defendants, and that each of the defendants were excepting to its ruling. Under such circumstances, the word "defendant" instead of "defendants" will be treated as a clerical error and either disregarded or the proper word will be substituted. *Ohio Farmers Ins. Co.* v. *Vogel,*

30 Ind. App. 281, 65 N. E. 1056; *City of Lafayette* v. *Clark,* 76 Ind. App. 565, 132 N. E. 651; *Landon* v. *White,* 101 Ind. 249.

For the reasons above stated, we conclude that the court committed reversible error. Cause reversed, with instructions to the trial court to sustain appellant's demurrer to the complaint with leave to amend if desired.

NOTE.—Reported in 27 N. E. (2d) 340.