HAYES FREIGHT LINES, INC. *v.* NEIGHBORHOOD DRUGS, INC.

[No. 18,042. Filed November 6, 1950.]

*Walker & Walker; Henry B. Walker, Henry B. Walker, Jr., John L. Carroll* and *Clay Ulen,* all of Evansville, for appellant.

*James D. Lopp* and *Theodore Lockyear,* both of Evansville, for appellee.

DRAPER, J.—Hayes Freight Lines appeals from a judgment rendered against them in an action for property damage, brought by Neighborhood Drugs, Inc.

The amended complaint alleges that in Evansville, Indiana, West Columbia Street, which runs east and west, is intersected by North Fulton Street, which runs north and south; that the appellee owned a drug store located on the northeast corner of said intersection.

attached to which store there was a certain sign that extended diagonally from the corner of said building; that on the afternoon of July 8, 1948, the appellant, by and through its agent, servant and employee, was operating its truck westwardly on west Columbia Street toward said intersection, and that when said driver had approached said intersection he "turned said truck of said defendant into and towards the said store building of said plaintiff and drove said truck into and upon said neon electric sign, thereby knocking said sign from said store building and completely demolishing said sign." The complaint further alleges that appellee was not guilty of contributory negligence.

After unsuccessfully moving to have the complaint made more specific, definite and certain, the appellant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Appellant's theory was that the complaint failed to allege the breach of any duty owing from the appellant to the appellee, or that appellee was in anywise negligent. The demurrer was overruled, and we proceed to a consideration of the propriety of that ruling.

By pleading freedom from contributory negligence, the appellee indicated that the complaint was drawn on the theory of negligence and not on the theory that the damage was purposely caused. Moreover, the appellee here seeks to sustain the complaint only on the theory that the complaint sufficiently alleges negligence on the part of the appellant.

The problem presented was considered by our Supreme Court in *Phillips* v. *Klepfer* (1940), 217 Ind. 237, 27 N. E. 2d 340. From that case, and the cases therein relied upon, the rule emerges that in a common law action based on negligence or its

equivalent, negligence must be directly averred, or such facts must be alleged that a presumption or inference of negligence *necessarily* arises. The case of *Cleveland, etc., R. Co.* v. *Perkins* (1908), 171 Ind. 307, 86 N. E. 405, is therein quoted from with approval. In the latter case our Supreme Court said that "the negligence relied upon must be charged in terms, or facts must be averred sufficient *to compel* the inference of such negligence as will constitute the proximate cause of the injuries sustained." (Emphasis supplied.)

In the complaint before us negligence is not pleaded in general terms. No act of the appellant is characterized as having been negligently or carelessly done, nor does it seem to us that the facts averred are sufficient to compel the presumption or inference of negligence or that negligence would necessarily arise therefrom.

The sign is alleged to have been knocked down and damaged. The complaint does not allege how far the sign extended toward or into that part of the roadway used by vehicles, nor does it allege the distance from the bottom of the sign to the roadway. For aught stated in the complaint the sign might have extended into, and created an unlawful and unreasonable hazard to vehicles lawfully using the street. It is not alleged that the truck at any time left that part of the roadway reserved for vehicular traffic; that the truck was too wide or too high; nor are any other facts stated from which an inference of negligence would necessarily arise. It is not *necessarily* negligence to drive a truck into a sign affixed to a building. The surrounding circumstances might be such that it would be purely and unavoidably accidental, or it might even be negligence not to do so. The mere doing of it and the fact that damage resulted to the plaintiff does not compel the inference of negligence, and since it was not

alleged to have been negligently done, the complaint is insufficient to show the violation of any duty owing to the plaintiff.

Judgment reversed and cause remanded with instructions to sustain demurrer.

NOTE.—Reported in 94 N. E. 2d 758.