## The Belt Railroad and Stock Yards Company v. Plummer.

[No. 8,443.  Filed December 9, 1914.]

1. LIVERY STABLE KEEPERS.—Loss of Property.—Negligence.—Liability.—Where a team of mules, a team of horses and some harness were left over night in a stable operated by defendant, with the understanding that plaintiff was to pay for the stable room, the relation of bailor and bailee existed, so that, the property having been lost in a fire during the night, as a result of the negligence of defendant's servant in locking the door and going away, making it impossible for the owner to rescue his property, though he arrived in time to have done so, or of defendant's failure to provide a watchman to give an alarm in the case of fire, defendant was liable. p. 294.

From Marion Circuit Court (19,915); Charles Remster, Judge.

Action by Philip Plummer against the Belt Railroad and Stock Yards Company. From a judgment for plaintiff, the defendant appeals. Affirmed.

Newberger, Richards, Simon & Davis, for appellant.
Wymond J. Beckett, for appellee.

LAIRY, J.—Appellee lost a team of mules and a team of horses and some harness in a fire which occurred on the morning of December 16, 1908, by which a stable operated

by appellant was destroyed, together with the property owned by appellee. The two teams and the harness had been placed in this stable on the evening before the fire to be kept over night with the understanding that appellee was to pay for the stable room. Appellee recovered a judgment for damages on account of the loss of his property. Appellant seeks by this appeal to reverse this judgment for the reasons, as alleged in its assignment of errors, (1) that the court erred in overruling appellant's demurrer to the amended complaint, and (2) that the court erred in overruling appellant's motion for a new trial.

This court at the preceding term decided an appeal from a judgment against appellant based upon a loss of property in the same fire. *Belt R., etc., Co.* v. *McClain* (1915), 58 Ind. App. —, 106 N. E. 742. In that case the facts necessary to an understanding of the points of law involved here were stated, and we need not set them out in this opinion, as the facts involved in the two cases are practically the same. Except as to a difference in the names of the plaintiffs and the description of the property destroyed, the complaints are not essentially different, although the complaint in this case contains some allegations not found in the complaint considered in our former opinion. In an opinion in which the views of the court were stated, the complaint in that case was held sufficient and upon that authority we hold that the complaint in this case states facts sufficient to withstand a demurrer.

The only other question presented relates to the giving of instructions Nos. 7 and 8. Appellant asserts that the trial court erred in giving each of these instructions and that a new trial should have been granted for that reason. The portions of these instructions to which appellant objects told the jury, in substance, that before plaintiff could recover, he must establish one or more of the acts of negligence charged in the complaint. The complaint charges appellant with two acts of negligence. The first particular in which

it is alleged to have been negligent, is that its servants negligently locked the door of the stable and went away so that, after the fire broke out, it was not possible to open the door and rescue the property although appellee arrived at the barn in time to have done so if the door had not been locked. The second particular in which appellee is alleged to have been negligent is that it failed to keep a watchman in constant attendance at the barn to give an alarm and to rescue property in case of fire.

Appellant contends that there is an attempt to set out in the complaint two separate charges of negligence, but that the first, as heretofore set out, does not state facts sufficient to show actionable negligence, and that if that charge had been embodied in a separate paragraph of complaint no recovery could have been allowed on such paragraph.  For this reason, appellant asserts that appellee was not entitled to recover upon proof that appellant's servants negligently locked the door of the barn, and that the portions of instructions Nos. 7 and 8 heretofore quoted are erroneous.  As sustaining this contention appellant relies on the case of *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 88 N. E. 1073, 89 N. E. 485.  The rule announced in this case has no application here for the reason that both of the acts of negligence are sufficiently stated in the complaint. The duty resting on the defendant to use care in favor of the plaintiff arose as a matter of law out of the relation of bailor and bailee.  This relation is fully disclosed by the facts stated in the complaint.  As showing a violation of this duty to use reasonable care, plaintiff alleges that the

1.    defendant's servants negligently locked the door of the barn and went away leaving the door locked and that no one was present after the fire broke out to unlock it so as to afford access to the plaintiff's property.  This amounts to a charge that defendant's servants did those acts, and that the conditions and circumstances under which they were done were of such a nature that a person of ordinary

prudence acting under the same conditions and circumstances would not have done them. If the evidence introduced at the trial showed a state of circumstances from which the jury could have properly inferred that these acts were negligently done, there could be no error in giving the instructions. *Belt R., etc., Co.* v. *McClain, supra;* opinion on petition for rehearing, *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1915), *post* 644, 106 N. E. 739, and cases there cited.

The evidence is not in the record and the verdict is not challenged on the ground that it is not supported by sufficient evidence. The complaint states a cause of action and there was no error in giving the instructions of which appellant complains. Judgment affirmed.

NOTE.—Reported in 107 N. E. 17. As to liability of master for negligence or misconduct of servant, see 40 Am. Rep. 226. As to the liability of the keeper of a livery stable for loss of property of patron, see 3 L. R. A. (N. S.) 348. See, also, 25 Cyc. 1512.