## PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* RICHARDSON, BY NEXT FRIEND.

[No. 6,103. Filed November 19, 1907.]

1. PLEADING. — *Complaint.* — *Railroads.* — *Permitting Passenger to Shoot Another.*—A complaint showing that defendant railroad company negligently permitted one passenger to shoot another, without provocation. states a cause of action. p. 504.

2. RAILROADS.—*Passengers.*—*Duty to Protect.*—It is the duty of a railroad company to protect its passengers from injuries from third parties, where it has reason for suspecting dangers therefrom. p. 505.

3. WORDS AND PHRASES.—*"Permit."*—*Railroads.*—To "permit" the shooting of a passenger by a third party, imports that the railroad company's servants knew of the threatened danger. p. 505.

4. PLEADING.—*Complaint.*—*Negligence.*—*General Allegation of.*— Where a violation of duty is shown, a general allegation of negligence is sufficient. p. 505.

5. SAME.—*Complaint.* — *Railroads.* — *Protection of Passengers.* — *Duties of Brakesmen.*—*Judicial Notice.*—A complaint showing that defendant railroad company's brakesman negligently permitted a third party to shoot a passenger, sufficiently shows that the brakesman was acting within the scope of his employment, judicial notice being taken that such protection was one of his duties as brakesman. p. 506.

6. TRIAL.—*Instructions.*—*Railroads.*—*Shooting of Passenger by Third Party.*—An instruction that it was the duty of defendant railroad company to exercise the highest care and diligence compatible with its business to protect its passengers from known dangers, and that it is liable for the slightest neglect, if injury is caused thereby, is not erroneous, in an action against such company for negligently permitting plaintiff to be shot by a fellow passenger. p. 506.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by Robert Richardson, by his next friend, against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway

Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*M. Z. Stannard* and *McIntyre, Bulleit & James,* for appellant.

*Stotsenburg & Weathers,* for appellee.

COMSTOCK, C. J.—Action by appellee for personal injuries sustained while a passenger on appellant's train, at the hands of a fellow passenger, because of the negligence of appellant's brakeman. Issues were formed upon the pleadings, and a trial had resulting in a verdict on which judgment for $250 was rendered in favor of appellee.

Only the actions of the court in overruling appellant's demurrer to the complaint for want of facts and its motion for a new trial are discussed.

The complaint alleges that the plaintiff was a minor; that defendant was a corporation operating a line of railroad extending from the city of Louisville, Kentucky, to the
1. city of New Albany, Indiana; that said defendant daily ran a large number of passenger-trains over its said road, carrying large numbers of passengers between said points; that on March 12, 1905, the plaintiff, Thomas Alexander and George Fredice, about 11:30 o'clock p. m., boarded the same coach on one of defendant's passenger-trains at Louisville bound for New Albany; that said Alexander was intoxicated and boisterous; that the brakeman and conductor, servants of the defendant, were in said coach and made no effort to remove said Alexander from the train; that when said train reached Silver street in New Albany, said Alexander stepped into the aisle of said coach, by the side of the brakeman, and pulled from his (Alexander's) pocket a pistol, from which pistol he unlawfully fired a shot toward the plaintiff, although the plaintiff had given him no provocation for said act; that the brakeman in charge of said train and in said passenger-coach could easily have prevented said Alexander from making said assault upon the plaintiff, but negligently and unlawfully permitted said

Alexander to fire said shot at the plaintiff and to commit an assault and battery upon him; that the shot struck plaintiff in the left arm, seriously wounding him. The complaint sets out a particular statement of plaintiff's injury, and alleges that he was wholly without fault and that his injury was caused wholly through the negligence of the defendant and its said employes in charge of said train. The complaint is open to the objection urged against it that it contains some matters that are evidentiary, others by way of recital, and others that are conclusions of the pleader. These, of course, do not add to its sufficiency. It does, however, directly aver that, while the plaintiff and Alexander were passengers upon defendant's train, the brakeman could easily have prevented the assault, but negligently permitted said Alexander to shoot plaintiff although plaintiff had given Alexander no provocation, and that plaintiff's injuries were wholly due to the negligence of the defendant and its employes in charge of said train.

It is the duty of a common carrier to protect a passenger from the unprovoked assault of a fellow passenger, if there is reason to believe that it is threatened and can be 2. prevented. This duty springs from a condition created by a third party, coupled with a knowledge by the carrier's servants that the condition exists, and with time enough intervening between the acquisition of the knowledge and the infliction of the injury to enable the servant of the carrier to protect the passenger from the third party's misconduct.

The verb "permit" imports knowledge of the act permitted, and the charge that the brakeman permitted the act of violence in question embraces the element of 3. knowledge of the danger threatened or of the facts from which the danger may be anticipated.

A general averment of negligence is sufficient if a 4. violation of duty is shown.

The further objection is made that, although the

complaint counts upon the negligence of appellant's brakeman, there is no averment that the brakeman was acting ·within the scope of his employment when the alleged omission of duty occurred. The duty to protect passengers from the assaults of other passengers is among the recognized duties of a brakeman. It is alleged that he was in charge of the car as brakeman, and he is charged with having neglected this particular duty. Considering all the allegations, we think the complaint complies reasonably with the rules of pleading. *Louisville, etc., R. Co.* v. *Kendall* (1894), 138 Ind. 313.

Exception was taken to instruction six, given to the jury at the request of appellee, which is as follows: "The common carrier of passengers owes them not merely the duty of transportation, but also that of exercising for their safety the highest care and diligence compatible with the nature of the carriage. The carrier owes the passenger the duty of warning him and protecting him against danger, when it is at hand and known to the carrier. Common carriers are required to exercise the highest degree of care to secure the safety of their passengers, and are responsible for the slightest neglect, if injury is caused thereby." It is conceded that this degree of care, if applied to a case where injury to a passenger has resulted from defective roadbed or equipment, or neglect of duty in the selection of competent servants, would be correct, but that in the case at bar, where the injury arose from the act of a third party and not from any fault of the carrier, it is not applicable. The case of *Tall* v. *Baltimore Steam Packet Co.* (1899), 90 Md. 248, 44 Atl. 1007, 47 L. R. A. 120, is relied upon. It supports appellant's position, but it is, as we believe, against the weight of the authorities.

*Ferry Companies* v. *White* (1897), 99 Tenn. 256, 41 S. W. 583, 38 L. R. A. 427, was an action against a steamboat company for personal injuries to a passenger caused by the negligent use of a gun by another passenger. In an instruction

the trial court said: "The defendants in this case were bound to exercise the utmost care and vigilance for maintaining order and guarding the plaintiff, White, who was a passenger on board, against personal injury, from whatever source arising, which might reasonably have been expected to occur, in view of all the circumstances of the case and the number and character of the passengers on board the boat." In a preceding part of the instructions the trial court further said that the defendant was liable "for injuries and losses arising from even the slightest negligence." Upon appeal the supreme court of Tennessee affirmed the judgment, citing the leading case of *Flint* v. *Norwich, etc., Trans. Co.* (1868), 6 Blatch. 158, Fed. Cas. No. 4,873 (and see *Flint* v. *Norwich, etc., Trans. Co.* [1868], 34 Conn. 554; *Flint* v. *Norwich, etc., Trans. Co.* [1871], 13 Wall. [U. S.] 3, 20 L. Ed. 556), in which Shipman, J., in submitting to the jury a case involving the liability of a steamer and its owners for an injury sustained by one passenger from the act of a fellow passenger, said: "The defendants were bound to exercise the utmost vigilance and care in maintaining order and guarding the passengers against violence, from whatsoever source arising, which might reasonably be anticipated, or naturally be expected to occur, in view of all the circumstances, and the number and character of the persons on board." The rule has been adopted in *Goddard* v. *Grand Trunk Railway* (1869), 57 Me. 202, 2 Am. Rep. 39; *Stewart* v. *Brooklyn, etc., R. Co.* (1882), 90 N. Y. 588, 43 Am. Rep. 185; *New Orleans, etc., R. Co.* v. *Burke* (1876), 53 Miss. 200, 24 Am. Rep. 689; *Pittsburgh, etc., R. Co.* v. *Hinds* (1866), 53 Pa. St. 512, 19 Am. Dec. 224; *Carpenter* v. *Boston, etc., R. Co.* (1884), 97 N. Y. 494, 49 Am. Rep. 540; *Galloway* v. *Chicago, etc., R. Co.* (1894), 56 Minn. 346, 57 N. W. 1058, 23 L. R. A. 442, 45 Am. St. 468; *Pittsburgh, etc., R. Co.* v. *Pillow* (1874), 76 Pa. St. 510, 18 Am. Rep. 424. Many cases might be cited to the effect that the law will not tolerate any negligence on the part of common carriers, although they are

not insurers of the safety of their passengers. The instructions as a whole were favorable to appellant. They told the jury that the railroad company was not an insurer of the safety of the plaintiff; that if the evidence failed to establish that the defendant could have prevented Alexander from firing the shot, or if the defendant did not know or have good reason to believe that Alexander intended to fire the shot, in time to take the necessary steps to prevent him from so doing, the verdict should be for the defendant. There is evidence from which the jury could reasonably infer that appellant's brakeman had knowledge of Alexander's intention to shoot in time to prevent his shooting, and that he was near enough to him to prevent same. All the evidence is that he made no effort to prevent the shooting.

Judgment affirmed.