# BELT RAILROAD AND STOCKYARDS COMPANY *v.* McCLAIN.

[No. 8,374. Filed November 20, 1914. Rehearing denied
March 3, 1915.]

1. BAILMENT.—*Duty of Bailee.—Degree of Care.*—A complaint to recover for a team of mules lost by fire, alleging that plaintiff placed his team in defendant's stable to be kept over night for a consideration shows the relation of bailor and bailee, out of which arose a duty on defendant to exercise ordinary care for the safety and protection of plaintiff's team. p. 174.

2. BAILMENT.—*Duty of Bailee.—Ordinary Care.*—The owner of a stable, in which plaintiff's team was kept under circumstances making him a bailee, was required to foresee every danger to such property which a person of ordinary prudence would have foreseen under the circumstances, and to use such care to guard against such dangers as a person of ordinary care, under the circumstances, would have used. p. 174.

3. BAILMENT.— *Loss of Property.— Complaint.— Negligence.*— A complaint by the owner of a team lost in a fire which destroyed defendant's stable, alleging that the team had been placed in the stable to be kept over night for a consideration, and that defendant negligently locked the door and negligently failed to leave any one in charge of same, or to give notice in case of fire, and that after discovery of the fire, plaintiff arrived in time to have saved his team, but could not because of negligence charged, etc., proceeded on the theory that defendant did not use ordinary care for the prompt discovery of fire, and the rescue and preservation of property in such event, and sufficiently charged negligence in that respect. p. 175.

4. NEGLIGENCE.—*Ordinary Care.—Pleading.*—The charge that a defendant negligently did, or omitted to do, an act, amounts to a charge that the defendant failed to use ordinary care in that particular, and it is not necessary to state all the conditions and circumstances which may be taken into consideration in determining whether ordinary care was or was not used. p. 175.

5. BAILMENT.—*Loss of Property.—Negligence.—Proximate Cause. —Complaint.*—A complaint for the loss of plaintiff's team by a fire which destroyed defendant's barn in which the team was kept, charging negligence in locking the barn and in failing to keep a watchman in charge of same, or to give alarm in case of fire, was not open to the objection that it showed upon its face that the direct and proximate cause of plaintiff's loss was the fire, and not the negligence charged. p. 177.

6. NEGLIGENCE.—*Proximate Cause.—Intervening Cause.*—The intervention of an independent agency does not break the chain of causation so as to relieve the original wrongdoer, if by the exercise of ordinary prudence he should have foreseen such intervening cause and guarded against the danger likely to result therefrom.   p. 177.

7. NEGLIGENCE.—*Liability.—Concurring Negligence.*—Where two causes combine and proximately concur in producing an injury, the party at fault for one of such causes will be liable if the injury would not have occurred in the absence of such fault. p. 177.

8. BAILMENT.—*Loss of Property.—Evidence.—Sufficiency.*—Evidence showing the relation of bailor and bailee, and that the bailee had failed to return the property, though sufficient to make a *prima facie* case in an action to recover for its loss, is insufficient to sustain a judgment for plaintiff, where the destruction of the property by fire is shown, in the absence of evidence to show that the fire was due to some want of care on the part of defendant, or that some negligence on his part coöperated with the fire to produce the loss.   p. 178.

9. NEGLIGENCE.—*Trial.—Burden of Proof.*—The burden of showing negligence is on plaintiff and it never shifts, though the duty of proceeding with the evidence may shift from side to side as one or the other of the parties makes out a *prima facie* case. p. 178.

10. BAILMENT.—*Loss of Property.—Evidence.—Sufficiency.*—Under a complaint for the loss of plaintiff's team by fire, alleging facts showing the duty of a bailee owing from defendant to plaintiff, and charging negligence in locking the barn so that plaintiff could not rescue his property, plaintiff was required to prove that ordinary care required that the door should not be locked, and that it was locked by defendant or its servants, and, in the absence of a showing of any conditions or circumstances from which the jury could have been justified in finding that ordinary care required that the door should have been left unlocked, the evidence was not sufficient to sustain a verdict for plaintiff in that respect.   p. 178.

11. BAILMENT.—*Loss of Property.—Evidence.—Sufficiency.—Ordinary Care.*—In an action for the loss of plaintiff's team by fire which destroyed the barn in which it was kept, where the complaint showed that defendant was a bailee of plaintiff's property, and charged negligence in failing to leave anyone to unlock the barn or to give warning in case of fire, a failure of the proof to show conditions and circumstances justifying a finding that keeping a watchman was such a precaution as was reasonably to be required in the exercise of ordinary prudence, rendered the

evidence insufficient to establish such negligence, since as a rule ordinary care does not require that a watchman be kept constantly in and about every building during the hours of darkness to protect property against fire, thieves, or other dangers.  p. 179.

12.  NEGLIGENCE.—*Action.—Ordinary Care.—Evidence.* — Evidence in a negligence case, that defendant kept a watchman at night whose duty it was to visit defendant's barn once each hour, even if conceded as showing that ordinary care required the keeping of a watchman to look after the stable, also shows that this precaution was taken in so far as it was regarded as necessary in the exercise of ordinary care.  p. 180.

13.  NEGLIGENCE.—*Trial.—Evidence.*—A charge of negligence against defendant in failing to keep a watchman about its barn, in which plaintiff's property was lost by fire, is not supported by evidence showing that defendant kept a watchman and that the loss was due to the latter's negligence.  p. 181.

From Superior Court of Marion County (83,788) ; *Charles J. Orbison,* Judge.

Action by Alexander McClain against the Belt Railroad and Stockyards Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Newberger, Richards, Simon & Davis,* for appellant.
*Wymond J. Beckett,* for appellee.

LAIRY, J.—This action was brought by appellee to recover the value of a team of mules and a set of harness destroyed by fire in the barns of appellant in the city of Indianapolis. There was a verdict and judgment in favor of appellee. The first error assigned and relied on for reversal is, that the trial court erred in overruling appellant's demurrer to the complaint.

The complaint shows that appellant is a corporation and that, as such, it owns and operates stockyards in the city of Indianapolis. In connection with its stockyards, it is alleged that it owned and operated stables in which the teams and harness of stockmen and farmers, bringing stock to the yards for sale, were kept over night for hire. It further appears from the complaint that appellee on December 15,

1908, brought a load of hogs to appellant's stockyard, and that he placed his team of mules and his harness in the barn of appellant to be kept over night for a consideration of fifty cents. On the morning of December 16, a fire occurred in which appellee's property was destroyed. The complaint does not proceed upon the theory that the fire originated or was caused by any fault or negligence of appellant. The complaint is based on the alleged negligence of appellant in locking the door of the barn and in failing to have some one in charge of the barn to rescue property in case of fire, and to admit appellee and others to the barn for that purpose.

On behalf of appellant it is claimed that the complaint is defective, for the reason that it shows the fire to have 1. been the direct and proximate cause of the loss to appellee, and *that it fails to show any direct causal connection between the alleged negligent conduct of appellant and the loss.* The complaint shows the relation of bailor and bailee between appellant and appellee, and out of that relation arises the duty on behalf of appellant to exercise ordinary care for the safety and protection of the property entrusted to his keeping. The question to be determined is, Do the facts stated in the complaint show that appellant was guilty of negligence and that the negligence charged resulted in the loss of which appellee complains?

The relation of bailor and bailee being shown, the law 2. imposed upon appellant the duty to use care for the safety of the property entrusted to its care. This duty required appellant to foresee every danger to such property which a person of ordinary prudence would have foreseen under the circumstances, and to use such care to guard against such dangers as a person of ordinary prudence, under the circumstances would have used. If a loss by fire was such a danger to the property as should have been foreseen by a person of ordinary prudence, then it was the duty of appellant to exercise such precautions to prevent a fire as

ordinary care required, and to make such provisions for the care of property and for its rescue and preservation in case of fire as ordinary prudence would dictate. The complaint does not charge that appellant failed in any respect to use reasonable precautions to prevent the occurrence of the fire, or that the fire resulted from any fault or negligence on the part of appellant, but it proceeds on the theory that it did not exercise the care dictated by ordinary prudence in making provisions for the prompt discovery of fire, and the rescue and preservation of property in case a fire occurred. The negligence charged is that appellant *negligently locked the door* of the barn in which appellee's mules and harness were kept, and *negligently failed to leave any one* in charge of the same, or to give notice in case of fire. It is further alleged that the fire broke out about three or four o'clock in the morning of December 16, 1908, at some distance from the stalls in which appellee's mules were stabled; that appellee was notified of the fire, and that he went to the stables for the purpose of rescuing his property; that when he arrived the fire had not yet reached that part of the stables where his property was located, and that he would have had time to rescue it if he could have gained admission to the barn, but that on account of the doors being locked, and no one being present in charge he was unable to gain admission to the barn, and in consequence his property was totally destroyed by fire. The allegations on the subject of negligence seem to be sufficient. The charge that a defendant negligently omitted an act, amounts to a charge that ordinary care required the performance of such act, and that the defendant failed to use ordinary care in that particular. If the conditions and circumstances were of such a character that a person of ordinary prudence ought to have foreseen the danger from fire, and, if ordinary care under the circumstances required that appellant should keep a

watchman in attendance to rescue property in case of fire and, if it further appeared that it failed to do so, this would clearly constitute negligent conduct. This is all embodied in the charge that appellant *negligently* locked the barn and negligently failed to have a watchman or any person in charge of or in or about the building to give the alarm or to rescue property in case of fire.

As a matter of pleading, it is not necessary to state all of the conditions and all of the circumstances which may be taken into consideration in determining whether ordinary care required appellant to foresee and provide against the danger of fire in the manner charged in the complaint. Where an act is alleged to have been negligently done or negligently omitted, the conditions and circumstances under which it was done or omitted are not necessary in a pleading for the reason that it is not the province of the court to judge from such conditions and circumstances whether ordinary care required the act to be done or omitted. That is the peculiar province of the jury. The duty to use care in favor of appellee being shown, it is sufficient to charge that the acts or omissions specified were negligently done or omitted. The general duty to use care in favor of the plaintiff which arises as a matter of law from the relation between the parties as shown by the complaint is broad enough and comprehensive enough to include every specific act that ordinary care requires in the discharge of such duty. When the general duty to use care is shown an allegation that ordinary care required the performance of a particular act is sufficient to bring such act within the scope of the general duty imposed by law. An allegation that an act was negligently done or negligently omitted is equivalent to an allegation that the defendant failed to exercise ordinary care in the discharge of this duty. Opinion on petition for rehearing in *Tippecanoe Loan, etc., Co.* v. *Pittsburgh, etc., R. Co.* (1915), 57 Ind. App. 655, 106 N. E. 739. Under such allegation, evidence may be introduced to show all of the conditions which

surrounded or affected the act alleged to have been negligently done or omitted, as well as all of the circumstances connected with the performance or omission of the act in question. From a consideration of such conditions and circumstances the jury must determine whether ordinary care required the act to be performed or omitted, as the case may be, and thus decide whether the act in question was *negligently* done or omitted as charged in the complaint.

It is further asserted that the complaint shows on its face that the loss of the property was not caused directly and proximately by the negligence of appellant as charged in the complaint; but, on the contrary, that it was caused directly by a fire which occurred without any fault of appellant; and that this fire was an independent cause which intervened between the negligence charged and the injury, thus relieving appellant from responsibility. From what has been said it must appear that this position is untenable. If the danger of a loss by fire was one which should have been foreseen by a person of ordinary prudence, acting under the same conditions and circumstances, then ordinary care required that appellant should have foreseen such danger and should have taken such precautions for the safety of the property in case of fire as ordinary prudence would dictate. This court has recently held that the intervention of an independent agency does not break the chain of causation so as to relieve the original wrongdoer in cases where by the exercise of ordinary prudence he should have foreseen such intervening cause and guarded against the danger likely to result therefrom. *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822. It sometimes happens that two causes concur in producing an injury, and it has been frequently decided that, where two causes combine and proximately concur in producing an injury the party at fault for one of such causes will be held liable if the injury

would not have occurred in the absence of such fault. *King v. Inland Steel Co.* (1912), 177 Ind. 201, 96 N. E. 337, 97 N. E., 529; *Hammond v. Kingan & Co.* (1913), 53 Ind. App. 252, 101 N. E. 385; 1 Thompson, Negligence §68.

Only one of the reasons assigned as grounds for a new trial is presented, on appeal, and that is that the verdict of the jury is not sustained by sufficient evidence. The 8. evidence clearly shows that the relation of bailor and bailee existed, and that the bailee failed to return to the bailor the property entrusted to his care. This would be sufficient to make a *prima facie* case in favor of appellee if it did not also appear without dispute that the subject of bailment was destroyed by fire. This latter fact is sufficient to rebut the *prima facie* case made by proof of the bailment and failure to return the property bailed. Under such a state of the evidence appellee must fail, unless he go further and show, either that the fire was due to some want of care on the part of appellant or that some negligent act or omission on the part of the bailee coöperated with the fire to produce the loss. *Hunter v. Ricke Bros.* (1905), 127 Iowa 108, 102 N. W. 826; *Levi v. Missouri, etc., R. Co.* (1911), 157 Mo. App. 536, 138 S. W. 699; *Yazoo, etc., R. Co. v. Hughes* (1908), 94 Miss. 242, 47 South. 662, 22 L. R. A. (N. S.) 975; *Wilson v. Southern Pac. R. Co.* (1882), 62 Cal. 164.

The burden of showing negligence is on the plaintiff and it never shifts, but the duty of proceeding with the evidence may shift from side to side as one or the other of the 9. parties makes out a *prima facie* case. Under the pleadings in this case the burden rested on appellee to show that appellant was guilty of the negligence 10. charged in the complaint. It is first charged that appellant negligently locked the door so that appellee was unable to enter and rescue his property. To establish this averment appellee must prove two things, (1) that ordinary care required that the door should not be locked, and (2) that the door was locked by appellant or its servants.

In order to establish the first proposition it was necessary to prove such conditions or such a state of circumstances connected with the doing of the act as would justify the jury in inferring that a man of ordinary prudence, acting under such conditions and circumstances would not have done the act in question. Under ordinary conditions it would be regarded as an act of prudence to lock the door of a barn containing horses to prevent them from escaping if they should get loose, or to prevent them from being stolen. We have considered the evidence with care and it does not disclose any conditions or circumstances from which the jury could have been justified in finding that ordinary care required that the door in question should have been left unlocked on the night of the fire. If the conditions and circumstances shown were such that fair and reasonable minds might differ as to the inference to be drawn therefrom, a finding by the jury, either way, would be sustained by evidence; but such is not the case here.

The only other charge of negligence which appellant was called upon to meet was that defendant negligently left no one in or about said barn to watch the same or to give 11. notice in case of fire. In order to show that this precaution was *negligently omitted,* it was necessary to prove not only, that it was omitted, but also to show conditions or circumstances which would justify the jury in finding that such precaution was reasonably required in the exercise of ordinary prudence, under the conditions and circumstances shown. It was the province of the jury to determine whether ordinary care required that a watchman should be kept constantly in and about the barn; but this is an ultimate fact which must be found as a result of inference from the conditions and circumstances proven at the trial, and unless the conditions and circumstances shown by the evidence are of such a character as that the ultimate fact may be rightfully and reasonably inferred therefrom, the finding of such ultimate fact is not sustained by evidence.

A jury can not be justified in finding that ordinary care required a certain act to be done or a certain precaution to be taken unless such an inference can be rightfully and reasonably drawn from the circumstances and conditions shown by the evidence. We are safe in saying that ordinary care does not require that a watchman be kept constantly in and about every building during the hours of darkness, for the purpose of protecting property against fire, thieves, or other dangers. There is no room for reasonable minds to differ upon this question. It may be that the barn in which appellee's mules were stabled was so located with reference to its surroundings, and such other circumstances may have existed as to render such a precaution reasonably necessary. It may have been exposed to the danger of fire from passing trains, adjacent factories, or from lights or fires in or about it, and there may have been other circumstances proper for the consideration of the jury in determining whether ordinary care required that a watchman be kept in or about the building. It was incumbent upon appellee to show some circumstances or conditions upon which the jury could base an inference that such a precaution was essential to the exercise of ordinary care. No such showing was made and, therefore, there is no evidence to support the finding of the inferential fact that ordinary care required appellant to keep a watchman in and about the building.

The evidence does show that appellant operated a stock-yard and that it had installed an alarm system and employed a watchman to make the rounds of the yards over which such system was distributed, once each hour. The duties of his employment did not require him to remain in or about the barn all night, but that was one of the points which he was required to make in his hourly rounds. It further appears from the evidence that this watchman was on duty at the time the fire occurred and that he was engaged in making his rounds. It is claimed that the employment of this watchman amounted to a recognition by

appellant that ordinary prudence required such a precaution. If this be conceded, it appears that this precaution was observed in so far as it was regarded as necessary in the exercise of ordinary care. If the precaution thus adopted in respect to keeping a watchman, did not offer adequate protection, and if conditions or circumstances existed which rendered it necessary in the exercise of reasonable care to keep a special watchman in and about the barn, such conditions and circumstances should have been shown by the evidence.

It is further claimed on behalf of appellee that there is evidence in the record from which the jury may have rightly inferred that the watchman employed by appellant 13. was negligent and that if he had exercised proper care he would have discovered the fire before it was too late to rescue the property and prevent the loss. We need *not* consider this phase of the evidence for it does not support any charge of negligence made in the complaint. The complaint alleges that appellant was negligent in failing to keep a watchman, and this allegation can not be supported by evidence showing that it did keep a watchman and that the loss was due to the negligence of such watchman. Such evidence does not sustain any charge of negligence stated in the complaint. Besides, it clearly appears from the record that the case was tried and decided on the theory that appellee was unable to rescue his property after the fire originated by reason of the negligence of appellant in leaving the door locked and in not having some one in or about the building to rescue the property or to admit appellee so that he might do so.

The negligence charged in the complaint is not supported by the evidence and the trial court should have granted a new trial on that ground. The judgment is reversed with directions to grant a new trial.

NOTE.—Reported in 106 N. E. 742. For presumption and burden of proof as to care or negligence in respect to subject of bailment,

see 43 L. R. A. (N. S.) 1168. See, also, under (1) 5 Cyc. 165, 216; (2) 5 Cyc. 182; (3) 5 Cyc. 184, 216; (4) 29 Cyc. 570; (5) 5 Cyc. 216; 29 Cyc. 572; (6) 29 Cyc. 493; (7) 29 Cyc. 496; (8) 5 Cyc. 219; 5 Cyc. 1915 Anno. 220-new; (9) 29 Cyc. 597; (10, 11) 5 Cyc. 217, 219; 5 Cyc. 1915 Anno. 220-new; (12) 29 Cyc. 621; (13) 29 Cyc. 587.