## CHICAGO, TERRE HAUTE AND SOUTHEASTERN RAILWAY COMPANY *v.* FISHER.

[No. 8,756. Filed November 17, 1915. Rehearing denied February 4, 1916.]

1. CARRIERS.—*Carriage of Passengers.*—*Duty to Protect Passengers.*—A common carrier must protect its passengers against the misconduct of its own servants, and, as far as practicable, from violence committed by strangers and copassengers. p. 15.

2. CARRIERS.—*Carriage of Passengers.*—*Misconduct of Fellow Passengers.*—*Duty of Carrier.*—While not insurers of the safety of passengers, it is the duty of a common carrier to protect them from the unprovoked assault or misconduct of a fellow passenger, where its servants have knowledge of the existing conditions in time to afford such protection, or where such servants have reason to anticipate that the safety of passengers is imperiled by the misconduct of a fellow passenger. p. 15.

3. CARRIERS.—*Carriage of Passengers.*—*Injuries.*—*Misconduct of Fellow Passenger.*—*Complaint.*—In a passenger's action for injuries sustained by the act of a fellow passenger, a complaint showing the relation of passenger and carrier between plaintiff and defendant, that defendant's servants knew of a fight in another part of the train in which the fellow passenger participated and of the latter's condition at and prior to the injury to plaintiff, that after such fight such fellow passenger, who was drunk, angry, etc., was negligently permitted to enter the coach in which plaintiff was riding, that he fell upon plaintiff and crushed and injured her, and that plaintiff's injury occurred wholly and by reason of the defendant negligently and wrongfully and carelessly failing to perform its duty, and in negligently and carelessly permitting said fellow passenger to enter the coach wherein plaintiff was seated, was sufficient to withstand a demurrer. pp. 16, 17.

4. NEGLIGENCE.—*Pleading.*—*Proof.*—An allegation that an act was negligently done or omitted is equivalent to an allegation that there was a failure to exercise ordinary care in discharge of the duty to plaintiff, and the allegation of an ultimate fact in reference to the negligent failure to perform a duty is sufficient to admit proof of every evidentiary fact necessary to show the want of due care. p. 16.

5. NEGLIGENCE.—*Pleading.*—*General Averment.*—*Sufficiency.*—A general allegation of negligence is sufficient to withstand a demurrer for want of facts, hence the facts constituting negligence need not be stated in detail. p. 17.

6. APPEAL.—*Review.*—*Evidence.*—*Verdict.*—Where the record disclosed that the verdict was fully supported by the evidence, there was no error in overruling the motion for new trial upon the ground of insufficient evidence. p. 18.

7. DAMAGES.—*Instructions.*—*Refusal.*—There was no error in the refusal of an instruction setting forth that certain matters should not be considered in arriving at the measure of damages, where the court gave an instruction specifying what elements should be considered. p. 18.

8. HUSBAND AND WIFE.—*Wife's Action for Injuries.*—*Measure of Damages.*—*Instructions.*—In a married woman's action for personal injuries, an instruction informing the jury that the damages which she might recover should be limited to the injuries, if any, which she herself received, "and the consequences naturally flowing there-

from", was not objectionable on the ground that the quoted phrase was susceptible of being understood as covering elements of damage for which she could not recover, when considered with the other instructions, and in view of the fact that the verdict was not such as to show that the jury was misled. p. 18.

From Sullivan Circuit Court; *Wm. H. Bridwell,* Judge.

Action by Ida M. Fisher against the Chicago, Terre Haute and Southeastern Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Lamb, Beasley, Douthitt & Crawford* and *William F. Peter,* for appellant.

*Oscar E. Bland* and *John W. Lindley,* for appellee.

MORAN, J.—This was an action for personal injuries, which appellee claims to have suffered by reason of the negligence of appellant, growing out of the misconduct of a fellow passenger, while she was being transported on one of appellant's passenger trains from Jasonville, Indiana, to Linton, Indiana. A jury awarded appellee damages in the sum of $750. From a judgment on the verdict, appellant appeals.

The errors assigned are: (1) overruling the demurrer to the amended complaint; (2) the complaint does not state facts sufficient to constitute a cause of action; (3) overruling appellant's motion to strike out parts of the amended complaint; (4) overruling appellant's motion for a new trial.

The amended complaint is in one paragraph and in substance states, that on September 30, 1911, appellant was a railroad corporation operating a railroad between Terre Haute, Indiana, and Seymour, Indiana, and that appellee became a passenger for hire at the station of Jasonville, with her

destination at the station of Linton. At Jasonville, a large number of drunken and boisterous men were negligently accepted by appellant as passengers, and shortly after entering the smoking car a quarrel ensued between five or six of such drunken men; that the conductor in charge of the train saw the altercation, but made no attempt to stop it. The participants were severely injured and blood flowed out upon their clothing from cuts and bruises, of which fact the passengers on the train were aware; at Midland station appellant stopped its train for the purpose of taking on and letting off passengers, and all of the drunken passengers left the train except one, who was negligently and wrongfully permitted by appellant to go into the ladies' and gentlemen's coach where appellee was riding; that he was drunk, angry, bleeding, weak and pale, his face and clothing were covered with blood, and as he was passing where appellee was sitting, he fell upon her with his full weight and crushed and injured her and soiled her clothing. Appellee at the time was pregnant and would have been delivered of a child within five or six months; and on account of the drunken man coming into the car, covered with blood and falling upon appellee, she became greatly excited and shocked, and from the shock, she became ill at the time, and in consequence thereof a miscarriage occurred October 6, 1911, and that appellee became a helpless wreck and is permanently injured. That prior to the injury, she was strong and healthy, but that since the injury she has not been able to perform any kind of labor by reason of the injury thus received. The injury occurred wholly by reason of appellant negligently, wrongfully and carelessly failing to perform its duties as alleged, and in appellant negligently and carelessly permitting the bleeding and angry passenger to enter the

car where appellee was seated; that appellant could have prevented the drunken passenger from going into said car and should have done so if it had performed its duty. Appellant had full knowledge of what was taking place on its car. Appellee was damaged in the sum of $25,000.

Appellant's position that the complaint fails to state a cause of action as against the demurrer for want of facts may be summed up substantially as follows: The carrier's liability to a passenger for the misconduct of a fellow passenger is contingent, depending upon the carrier having knowledge of the misconduct of the fellow passenger, or where the attending circumstances are such that the injury to the passenger by the fellow passenger could have been reasonably apprehended by the exercise of due care; that the carrier is not responsible for subsequent misbehavior of a passenger when the same is of a different nature and kind and unrelated; that there is no causal relation disclosed by the complaint between the fight in one apartment of the train and the subsequent act which injured appellee in another apartment, namely, the falling of one of the participants in the fight after it had ceased; that the facts pleaded are not such as to disclose that appellant could have reasonably anticipated that the safety of the passenger was threatened and an injury likely to occur, especially in the absence of an averment that the passenger fell upon appellee as a result of his intoxication.

The general principle of law defining the duty of the carrier to the passenger set forth and supported by authorities in appellee's brief is not highly instructive as to the question here involved, as the case at bar does not fall strictly within the class of cases to which the general rule thus announced by appellee is applicable. "A common carrier is bound,

as far as practicable, to protect its passengers, while being conveyed, from violence com-

1. mitted by strangers and copassengers, and undertakes absolutely to protect them against the misconduct of its own servants." *New Jersey Steamboat Co.* v. *Brockett* (1887), 121 U. S. 637, 7 Sup. Ct. 1039, 30 L. Ed. 1049. See, also, *Stewart* v. *Brooklyn, etc., R. Co.* (1882), 90 N. Y. 588, 43 Am. Rep. 185. The question presented in this case involved that degree of care that the carrier is bound to exercise to prevent injury to a passenger at the hands of a fellow passenger, and to its duty in this particular we have confined our investigation.

It may be stated generally that, although

2. common carriers are not insurers of the safety of their passengers, they are in duty bound to protect them from the unprovoked assault or misconduct of a fellow passenger, where the servants of the carrier have knowledge of the existing conditions for a sufficient intervening time between the acquisition of knowledge and the injury to protect their passengers; and this is true where the carrier's servants have reason to anticipate from the existing conditions that the safety of the passengers is imperiled by the misconduct of a fellow passenger. *United Railway, etc., Co.* v. *Dean* (1901), 93 Md. 619, 49 Atl. 923, 86 Am. St. 453, 54 L. R. A. 942; *Pittsburgh, etc., R. Co.* v. *Richardson* (1907), 40 Ind. App. 503, 82 N. E. 536; *Illinois Cent. R. Co.* v. *Minor* (1892), 69 Miss. 710, 11 South. 101, 16 L. R. A. 627; *Tall* v. *Baltimore Steam Packet Co.* (1900), 90 Md. 248, 44 Atl. 1007, 47 L. R. A. 120; *Evansville, etc., R. Co.* v. *Darting* (1892), 6 Ind. App. 375, 33 N. E. 636; *Flint* v. *Norwich, etc., Transportation Co.* (1868), 34 Conn. 554; 4 R. C. L. 1189, §611; *Irwin* v. *Louisville, etc.,*

*R. Co.* (1909), 161 Ala. 489, 50 South. 62, 135 Am. St. 153, 18 Ann. Cas. 772.

A duty was owing from appellant to appellee as the complaint discloses the relation of carrier and passenger existed at the time of the injury. And further from the allegations of the complaint the servants of appellant, who were in charge of the train had knowledge of the altercation that took place in the smoking car between the passenger who caused the injury complained of and the other participants thereto, and likewise had knowledge of the condition of such passenger at and before the time the injury occurred. It is alleged among other things, "That one of said drunken passengers, whose name is not known to the plaintiff was negligently and wrongfully permitted by the defendant to go into said day ladies' and gentlemen's coach, in which plaintiff was riding. That he was drunk, angry, bleeding, weak and pale. That his face, body and clothing were completely covered and saturated with blood. That he came into said car, and as he was passing where plaintiff was sitting at the time, he fell upon her with his full weight and crushed and injured plaintiff," etc.

It was held in *Belt R., etc., Co.* v. *McClain* (1915), 58 Ind. App. 171, 106 N. E. 742, that an allegation that an act was negligently done or negligently omitted is equivalent to an allegation that there was a failure to exercise ordinary care in the discharge of such duty. In the case of *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1915), 57 Ind. App. 644, 104 N. E. 866, 106 N. E. 739, it was held that where an ultimate fact was alleged in reference to the negligent failure of a party to perform a duty that was owing that such a charge is sufficient to admit proof of

every evidentiary fact necessary to show the want of due care. In the light of these authorities the allegation that the drunken passenger was negligently and wrongfully permitted by appellant to go into the ladies' coach where appellee was riding when the injury occurred, constitutes a charge of negligence, and when read in connection with the general charge of negligence in the complaint, "That said injury occurred wholly by reason of the fact that the defendant negligently and wrongfully and carelessly failed to perform its said duties as herein alleged, and in defendant negligently and carelessly permitting said bleeding, angry passenger to come into said car, as aforesaid, where plaintiff was seated", renders the complaint sufficient to withstand a demurrer as the complaint in fact charges that the appellant negligently allowed the drunken passenger to go into the car where appellee was seated and by reason of this negligent act appellee was injured. "It has been uniformly held by this court that a failure to state in detail the facts constituting negligence does not render the pleading insufficient, and that a general allegation of negligence is sufficient to withstand a demurrer for want of facts." *Nickey* v. *Steuder* (1905), 164 Ind. 189, 73 N. E. 117. See, also, *Pittsburgh, etc., R. Co.* v. *Wilson* (1904), 161 Ind. 701, 66 N. E. 899; *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143, 73 N. E. 91.

While the complaint lacks much of being a model pleading, no error was committed by the trial court in overruling the demurrer to the same, as the infirmity urged against it could have been reached by a motion to make more specific.

No question is sought to be presented by the second and third assignments of error. An examina-

tion of the record discloses that the verdict is fully supported by the evidence and no error was committed in overruling the motion for a new trial upon this ground.

This leaves for consideration the error based upon the refusal of the court to give instruction No. 33, requested by the appellant, and in giving instruction No. 34 of the court's own motion.

By instruction No. 33, appellant desired the jury to be informed by the court that there were certain elements that it must not take into consideration in arriving at the measure of appellee's damages, in the event its finding was in her favor. The court of its own motion properly informed the jury what elements it should take into consideration in measuring appellee's damages in the event it found she was entitled to recover; hence there was no error in refusing the instruction requested by appellant. *Oölitic Stone Co.* v. *Ridge* (1910), 174 Ind. 558, 91 N. E. 944. The objection to the giving of instruction No. 34 is that it was susceptible of being understood by the jury as covering certain elements of damages, which appellee, as a married woman, was not entitled to recover. In substance this instruction informed the jury that appellee's damages should be limited to the injuries, if any, which she herself received, "and the consequences naturally flowing therefrom". The phrase, "and the consequences naturally flowing therefrom", is the portion of the instruction specifically complained of by appellant. This instruction when considered in connection with the instruction given by the court of its own motion on the measure of damages could not have misled the jury; and in this connection our view is confirmed by the amount of the verdict.

NOVEMBER TERM, 1915. 19

Aultman, etc., Mach. Co. *v.* Shell—61 Ind. App. 19.

Finding no available error in the record, the judgment is affirmed.

NOTE.—Reported in 110 N. E. 240. As to who are passengers to whom the carrier owes a duty, see 61 Am. St. 75. On liability of carrier for injury resulting from negligent or meddlesome act of fellow passenger, see 37 L. R. A. (N. S.) 724. As to the duty of a carrier to protect passengers against intoxicated passenger, see 8 Ann. Cas. 225; Ann. Cas. 1912 C 278. See, also, under (1) 6 Cyc 598, 602, 604; (2) 6 Cyc 602; (3) 6 Cyc 626; (4, 5) 29 Cyc 570; (6) 3 Cyc 348; (7) 38 Cyc 1711; (8) 13 Cyc 234, 247.