PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY v. RETZ.

[No. 10,135.  Filed December 12, 1919.]

1. CARRIERS.—*Carriage of Passengers.—Assault Upon Passenger.—Action.—Complaint.—Sufficiency.*—In an action against a railroad company for damages for an assault and battery claimed to have been inflicted upon plaintiff while he was a passenger on defendant's train, a complaint alleging that defendant's brakeman could easily have prevented the assault, but wrongfully, negligently and

unlawfully, and in disregard of his duty, stood by and permitted the assault to be committed upon plaintiff and made no effort or attempt to prevent the same, states a cause of action.   p. 584.

2.   APPEAL.—*Briefs.—Statement of Evidence.—Sufficiency.—Waiver of Error.*—Where, though a large number of witnesses testified, appellant merely set out in its brief its conclusion of what the evidence showed together with only a part of the testimony of one witness, there was not a sufficient compliance with Rule 22, cl. 5, of the Appellate Court, requiring a condensed recital of the evidence in narrative form, and all questions depending on the evidence are waived.   p. 585.

3.   EVIDENCE.—*Admissibility.—Passenger's Action for Assault.*— Where the first paragraph of complaint alleged that plaintiff, while a passenger on defendant railroad company's train, was assaulted by an employe of defendant, and the second paragraph alleged that defendant's brakeman could easily have prevented the assault, but negligently failed to do so, evidence by plaintiff's witnesses as to the facts concerning the assault was admissible without first showing that plaintiff's assailant was a servant of the company.   p. 585.

4.   TRIAL.—*Evidence to be Made Competent by Connecting Evidence.—Admission.—Failure to Introduce Connecting Evidence.— Necessity of Motion to Strike Out.*—Where the court permits the introduction of evidence on the undertaking of counsel that other evidence will be introduced to make it competent, and such connecting evidence is not produced, the proper practice is to call the court's attention to the matter and move to strike out the evidence claimed to have been erroneously admitted.   p. 586.

5.   APPEAL.—*Questions Reviewable.—Exclusion of Evidence.—Necessity of Offer to Prove.*—No error is shown in the refusal to allow a witness to answer a question in the absence of an offer of proof as to the testimony which would have been elicited.   p. 586.

6.   APPEAL.—*Review.—Refusal of Instructions.*—The court on appeal cannot determine whether the refusal of a requested instruction, which was a correct statement of law, was reversible error in the absence of the evidence from the record.   p. 586.

From Randolph Circuit Court; *Theodore Shockney*, Judge.

Action by Frank Retz against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*F. C. Focht, W. G. Butler* and *John L. Rupe,* for appellant.

*Joseph R. Morgan, A. R. Feemster* and *W. G. Parry,* for appellee.

McMAHAN, J.—This is an action brought by the appellee against the appellant for damages for an assault and battery alleged to have been inflicted by one Isaac Burns upon appellee while he was a passenger upon one of appellant's trains.

The complaint is in two paragraphs. The first paragraph alleges that Burns was an employe of appellant at the time of the alleged assault and battery, and was acting within the scope of his employment. The second paragraph alleges that the brakeman of appellant upon the train was present at the time, and could have prevented Burns from committing such assault and battery, but that he negligently and wrongfully stood by and permitted Burns to commit such assault and battery. Appellant's demurrer to each paragraph of the complaint was overruled and exception reserved. The cause was tried before a jury in Wayne county and resulted in a verdict in favor of appellee. A new trial was granted, and the cause was transferred on a change of venue to Randolph county, where it was again tried by a jury and resulted in a verdict and judgment in favor of appellee.

Appellant filed its motion for a new trial, the specifications thereof being that the verdict of the jury is not sustained by sufficient evidence, is contrary to law, that the damages are excessive, that the court erred in giving and in refusing to give certain instructions, and in the admission and exclusion of cer-

tain evidence. The errors assigned and not waived are the overruling of the demurrer to the second paragraph of complaint, and the overruling of the motion for a new trial.

The appellant contends that the brakeman had no authority on the train, that appellant cannot be held liable because the brakeman did not encourage

1. or direct an act, but was simply passive, and for that reason the court erred in overruling the demurrer to the second paragraph of complaint. It will be observed that this paragraph of complaint alleges that: The "brakeman could easily have prevented said Burns from making said assault and battery upon him, but wrongfully, negligently and unlawfully and in disregard of his duty stood by and permitted said Burns to strike, beat and cut said plaintiff as aforesaid, and to commit said assault and battery upon him and made no effort or attempt to prevent the same." On the authority of *Pittsburgh, etc., R. Co.* v. *Richardson* (1907), 40 Ind. App. 503, 82 N. E. 536, we hold that there was no error in overruling the demurrer to this paragraph of the complaint.

Passing next to the contention of appellant that the court erred in overruling its motion for a new trial, appellee insists that the specifications in the motion for a new trial that the verdict is not sustained by sufficient evidence and is contrary to law are not properly presented for our consideration, and cannot be considered by the court for the reason that appellant has failed to set forth in its brief a condensed recital of the evidence as required by the fifth clause of Rule 22 of this court.

A large number of witnesses testified in this case,

but appellant in its brief sets out only a part of the testimony of one witness, and shows that a considerable portion of the evidence has been omitted except for a conclusion of the author of the brief as to what the evidence shows. This is not sufficient. That which is required by the rule is the substance of what the several witnesses have said in giving their testimony. This rule has been in force long enough, and construed by the courts often enough, so that there is no excuse for the failure of appellant to comply with it. This is essentially true where appellee has called appellant's attention to the failure and no attempt has been made to correct the omission. A failure to comply with this rule operates as a waiver of all questions depending upon the evidence. *Rose* v. *City of Jeffersonville* (1916), 185 Ind. 577, 114 N. E. 85; *McClellan* v. *Thomas* (1915), 183 Ind. 310, 109 N. E. 44; *Cleveland, etc., R. Co.* v. *Hayes* (1914), 181 Ind. 87, 102 N. E. 34, 103 N. E. 839; *Leedy* v. *Idle, Trustee* (1918), 69 Ind. App. 105, 121 N. E. 323; *Jeffersonville School Tp.* v. *School City, etc.* (1912), 50 Ind. App. 178, 96 N. E. 662.

Appellant objected to each of appellee's witnesses testifying to the facts concerning the alleged assault and battery by Burns upon the ground that no evidence had been introduced connecting the appellant in any way with Burns so that the company could be held responsible for his acts. The appellant concedes that it is not always practical for the court to interfere with the order in which testimony shall be given, but insists that the court should have required the appellee to have established at least a *prima facie* case of agency before permitting the witnesses to testify concerning the alleged assault

and battery by Burns. Under the second paragraph of complaint, this evidence was competent, even though Burns was not an agent of the appellant, inasmuch as it was there alleged that the brakeman wrongfully and negligently permitted the assault and battery. There was therefore no error in permitting the witness to testify as to the acts without first showing that he was acting as agent of appellant at the time.

It frequently happens in the trial of cases that the court erroneously permits a party to introduce evidence where counsel undertake to introduce

4. other evidence such as will make it competent and fails. Where evidence has been thus admitted, the proper practice is upon the failure to introduce such connecting evidence to call the attention of the court to such failure and move to strike out the evidence claimed to have been erroneously admitted. *Heady* v. *Brown* (1898), 151 Ind. 75, 49 N. E. 805, 51 N. E. 85. Appellant also contends that the

5. court erred in refusing to allow the witness Burns to testify in answer to a question whether at the time of the alleged assault and battery he was acting as a deputy sheriff. No offer to prove was made by appellant, and no error is therefore shown in the action of the court in refusing to allow the witness to so testify.

Appellant next contends that the court erred in refusing to give to the jury instruction No. 6 tendered by appellant. This instruction related to the

6. defense of self-defense, and, while it was technically correct, we cannot in the absence of the evidence say that a refusal to give it was reversible error. The court, however, did give three instruc-

tions relative to the doctrine of self-defense, and thereby fairly covered the subject. The refusal of the court to give this instruction may have been for the reason that it was not applicable to the evidence. The case appears to have been fairly tried, and the failure to give said instruction did not in our judgment affect any substantial right of the appellant or constitute reversible error.

The determination of all the other questions urged as reason for a reversal depends upon the evidence and are not properly before us on account of the failure of appellant to give a condensed recital thereof as required by Rule 22.

There being no reversible error shown, the judgment is affirmed.