PUBLIC UTILITIES COMPANY *v.* VIEAU.

[No. 10,538. Filed January 27, 1921.]

1. NEGLIGENCE.—*Pleading.—Complaint.—Sufficiency.*—Where a complaint for personal injuries shows the existence of a duty resting on the defendant in favor of plaintiff, it is sufficient to charge in general terms that the defendant negligently did, or negligently omitted to do, some act in violation of such duty which was the proximate cause of the alleged injuries, but where the plaintiff, without alleging that the act complained of was negligently done or omitted, attempts to show such fact by stating the conditions under which it was done or omitted, and all the surrounding circumstances, they must be of such a character as will enable the court to say, as a matter of law, that negligence is shown. p. 679.

2. STREET RAILROADS.—*Injuries to Persons on Tracks.—Negligence.—Signal Frightening Pedestrian.*—Where plaintiff, upon alighting from a street car, went to the front thereof, and the motorman signaled for her to cross over the tracks in front of the car, and, when she reached a point immediately in front of the car, the motorman rang the bell loudly and violently, and at the same time put the car in motion, thereby greatly frightening plaintiff and causing her to attempt to jump from in front of the car, and in so doing she slipped and fell violently to the pavement and was severely injured, it cannot be said as a matter of law that the motorman was guilty of negligence. p. 680.

3. STREET RAILROADS.—*Injuries to Persons on Tracks.—Negligence.—Complaint.—Sufficiency.*—In an action against a street railroad for personal injuries, where plaintiff, without averring in her complaint that acts complained of were negligently done, alleged that she was injured by a fall due to fright when the motorman in charge of the car rang the bell thereon loudly and violently and at the same time put the car in motion when she was immediately in front thereof, by reason of an invitation she had received from the motorman to cross over the tracks, such omission to charge that the motorman acted negligently was not cured by the fact that the complaint concluded with the allegation that the motorman was an employe

of defendant, and that his negligence, as aforesaid, was the sole and proximate cause of plaintiff's injuries.    p. 682.

From Vanderburgh Superior Court; *Robert J. Tracewell,* Judge.

Action by Ida Vieau against the Public Utilities Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Woodfin D. Robinson* and *William E. Stilwell,* for appellant.

*Mark B. Ingle,* for appellee.

BATMAN, J.—This is an action by appellee against appellant to recover damages for injuries alleged to have been received by reason of the negligence of the latter. The complaint is in a single paragraph and alleges in substance, among other things, that on January 23, 1918, appellee alighted from an outbound electric street car, which appellant was operating over Walnut street in the city of Evansville, Indiana, at a regular stopping point for discharging and receiving passengers; that, after alighting, appellee walked toward the front of said car, where she stood waiting for it to pass her; that while so standing the motorman of the car motioned for appellee to cross over the tracks in front of it; that, in response to the signal from the motorman, she started to cross over the tracks in front of the car, and, when she had reached a point immediately in front of it, the motorman rang the bell of the car loudly and violently, and at the same time put the car in motion; that appellee was thereby greatly frightened, and caused to make an attempt to jump or leap from her position in front of the car; that in so doing she slipped and fell violently to the pavement of the street, and was thereby severely injured; that the motorman of the car was an employe of appellant, and that his negligence, as aforesaid, was the sole proximate cause of her injuries. To

this complaint appellant filed a demurrer for want of facts, which was overruled, and thereafter filed an answer in general denial. The cause was submitted to a jury for trial, resulting in a verdict and judgment in favor of appellee. From this judgment appellant has appealed and has assigned the actions of the court in overruling its demurrer to the complaint, and in overruling its motion for a new trial, as the sole errors on which it relies for reversal.

It is well settled that, where a complaint to recover damages on account of personal injuries shows the existence of a duty resting on the defendant to exer-

1.   cise care in favor of the plaintiff, it is sufficient to charge in general terms that the defendant negligently did, or negligently omitted to do, some act in violation of such duty which was the proximate cause of the alleged injuries. *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1915), 57 Ind. App. 644, 104 N. E. 866, 106 N. E. 739; *Belt R., etc., Co.* v. *McClain* (1915), 58 Ind. App. 171, 106 N. E. 742; *Chicago, etc., R. Co.* v. *Fisher* (1916), 61 Ind. App. 10, 110 N. E. 240. But where the plaintiff in such an action, without alleging that the act of which complaint is made was negligently done or omitted, attempts to show such fact by stating the conditions under which it was done or omitted, and all the circumstances surrounding the transaction, they must be of such a character as will enable the court to say, as a matter of law, that negligence is shown. *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co., supra.* Or, as it is sometimes expressed, the facts alleged must be such as will compel the inference of negligence. *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290, 75 N. E. 277; *Cumberland Tel., etc., Co.* v. *Pierson* (1908), 170 Ind. 543, 84 N. E. 1088; *Cleveland, etc., R. Co.* v. *Perkins* (1908), 171 Ind. 307, 86 N. E. 405. In the instant case appellee has not al-

leged that any act which she charges appellant did, and as a result of which she claims to have sustained injuries, was negligently done.

It necessarily follows, under the rule stated above, that unless the acts alleged are of such a character as to constitute negligence as a matter of law, the

2. complaint fails to state a cause of action. The particular acts alleged by which appellee attempts to show negligence on the part of appellant are the following: "That immediately after alighting, as aforesaid, this plaintiff walked near the front of said street car and stood near the front right corner of said street car, and said plaintiff was waiting for said street car to pass her when, at the time, the motorman of said car motioned, by waving his hand or head for said plaintiff to cross the said street car tracks in front of said car; that in response to said signal, as given aforesaid, by said motorman this plaintiff started to cross said street car tracks in front of said street car, and at the time plaintiff had reached a point immediately in front of said car the said motorman rang the bell of said car loudly and violently, and at the same time put said street car in motion, all of which greatly frightened this plaintiff and caused her to attempt to jump or leap from in front of said car and in so doing she slipped and fell violently to the pavement of said street, and was severely injured."

A consideration of these facts discloses no act which we can pronounce an act of negligence as a matter of law. The fact that the motorman in charge of said street car rang the bell thereon loudly and violently, and put said car in motion, while appellee was immediately in front thereof, by reason of the invitation she had received from such motorman to cross the tracks, standing alone, do not constitute negligence. It is evident that such bell was placed on said car for the pur-

pose of warning persons on or near the tracks of its approach, as an aid to such persons in avoiding injury, and that, in order to be effective for such purpose, it must be sounded "loudly and violently" from time to time. This must be anticipated by any one using streets on which street cars are operated. Therefore the mere ringing of the bell "loudly and violently" while appellee was crossing the tracks immediately in front of said car was not in itself an act of negligence. Nor was it necessarily the duty of such motorman to wait until appellee had passed entirely across said tracks, although he had invited her to do so, as alleged, before he rang the bell and started the car. Circumstances may be imagined in which it might have been negligence to do so. To illustrate: If it was shown that on the invitation alleged appellee started across such tracks, and when she had reached a point immediately in front of such car, and so near thereto that its starting might reasonably cause her to anticipate danger therefrom, and that with a knowledge of such facts the motorman rang the bell thereon, and started said car, thereby causing her to become frightened, and, in an attempt to escape from her apparent peril, to fall and sustain an injury, it might be urged with reason that such motorman was negligent. But in the case before us no such facts are alleged. While it is stated that she was at a point immediately in front of the car, when the motorman rang the bell and put the car in motion, it is not shown that she was so near thereto, or that the car was started with such speed, that such motorman, in the exercise of reasonable care, should have anticipated that appellee might become frightened by his alleged acts. These facts not appearing, we cannot assume that they existed in order to sustain a charge of negligence against appellant.

The fact that the complaint concludes with an allega-

tion that the motorman of the car was an employe of
appellant, and that his negligence as aforesaid
3. was the sole and proximate cause of appellee's
said injuries, does not cure the defect we have
indicated. By this statement appellee merely charac-
terizes the acts we have been considering as negligence,
but that does not change their real character, or relieve
the court from determining for itself whether, as a mat-
ter of law, such acts were acts of negligence, under the
conditions and circumstances alleged. The court in its
instruction No. 7, given at the request of appellee, re-
cites substantially the same facts as the complaint al-
leges with reference to the manner in which appellee's
injuries occurred, and then states in substance that, if
it believes such facts are established by the evidence,
it should find that appellee is entitled to recover. By
this instruction the court carried the error committed in
overruling the demurrer to the complaint into the trial
of the cause. We cannot, therefore, give effect to the
provision of §350 Burns 1914, §345 R. S. 1881, as it does
not appear from the whole record that the merits of the
cause have been fairly determined. For the reasons
stated, the judgment is reversed, with instructions to
sustain appellant's motion for a new trial, and its de-
murrer to the complaint, and for further proceedings
consistent with this opinion.