## TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* SCOTT.

[No. 13,867. Filed May 1, 1930. Rehearing denied September 25, 1930. Transfer denied December 9, 1930.]

*Parr & Parr* and *Beasley, Aiken, O'Brien & Beasley,* for appellant.

*H. Willard Phipps, Rodgers & Smith, Wymond J. Beckett* and *James W. Sweeney,* for appellee.

NICHOLS, J.—Action by appellee to recover damages on account of personal injuries alleged to have been sustained by him while a passenger on appellant's interurban car, by reason of negligence on the part of appel-

lant's servants in charge of said car, in failing to render him assistance and to protect him in a struggle with a highwayman who had boarded the car. This is the second appeal of the case. See *Terre Haute, etc., Traction Co.* v. *Scott* (1926), 197 Ind. 587, 150 N. E. 777, 43 A. L. R. 1029.

The complaint upon which the cause was first tried, and the one which the Supreme Court held to be insufficient, was based on the theory that appellant was liable for the willful failure of its servant, the conductor on the car, to protect the passenger, appellee herein, under the circumstances alleged in the complaint, and, for this reason, the court held that the complaint was insufficient, holding that a carrier's liability to a passenger for damages because of wrongful acts of persons not in its employ is based on the *negligent* failure of the carrier and its employees to afford the passenger that protection which the law requires should be given him, and by the means which were available to them, the court stating the rule to be that the care which a railroad company should exercise for the safety of its passengers is reasonable and ordinary care, such as a person of ordinary prudence would regard as reasonably necessary and proper under the circumstances.

After the cause was remanded to the Boone Circuit Court, appellee filed his third amended complaint that was based upon the theory of negligence. To this complaint, appellant, after filing its motion to make the complaint more specific, which motion was overruled, filed its demurrer, which was overruled. The cause was then submitted to the court for trial, which resulted in a judgment in favor of appellee for $2,500, from which, after appellant's motion for a new trial was overruled, this appeal, appellant assigning as error the action of the court in overruling its demurrer to the third amended complaint and its motion for a new trial, under which 52

reasons why such motion should be sustained were set out, but only one of which, that of the insufficiency of the evidence to sustain the finding of the court, is presented.

As appears above, no error is presented by appellant as to the action of the court in overruling appellant's motion to make more specific by stating the facts upon which certain alleged conclusions were based. We assume that appellant must have concluded, as we do, that every alleged conclusion in the third amended complaint was fully supported by the facts averred. Briefly stated, these facts are that the conductor saw the robbers on the car and saw one of them point a revolver at appellee; that he saw and knew appellee's peril, being but three feet away, and saw the struggle between appellee and the robber, and heard appellee call for assistance and protection in subduing the robber; that the conductor could have prevented the robber from injuring appellee but negligently failed so to do; that, although he saw appellee wrestling with the robber for possession of the revolver which was in the robber's hand, he jumped out the window of the car, leaving appellee to battle and combat with the robber alone; that, as the result of such negligence on the part of appellant's said servant, the injuries of which appellee complains were suffered by him as a proximate result of such negligence.

That it is the duty of a railroad conductor, under circumstances such as here, to use reasonable care to protect its passengers from injuries by third parties where there is reason for suspecting danger therefrom has been numerously decided by this court and the Supreme Court. *Repp* v. *Indianapolis, etc., Traction Co.* (1916), 184 Ind. 671, 111 N. E. 614; *Pittsburgh, etc., R. Co.* v. *Richardson* (1907), 40 Ind. App. 503, 506, 82 N. E. 536; *Pittsburgh, etc., R. Co.* v. *Retz* (1919), 71 Ind. App. 581, 584, 125 N. E. 424; *Chicago,*

*etc., R. Co.* v. *Fisher* (1915), 61 Ind. App. 10, 17, 110 N. E. 240.

In the Repp case, cited above, the Supreme Court, at page 677, stated: "The complaint before us, however, clearly shows a breach of appellee's duty to use ordinary care to protect appellant's effects from loss or injury. It is there charged that the robbery of appellant occurred in the full view of appellee's conductor and under circumstances which would have enabled him to have interfered and prevented the loss of appellant's money. His failure so to do was beyond doubt a failure to exercise ordinary care to protect appellant's personal effects, and, under the rules above referred to, the charge contained in appellant's complaint, if sustained by proof, is sufficient to warrant a recovery for the loss of so much of his money as was included in the contract of carriage." We hold that the complaint was good as against appellant's demurrer.

It appears by the evidence that appellee was a passenger on appellant's car, which was in charge of the conductor; that, as the conductor went to the rear of the car to collect fares, two persons, who proved to be robbers, were on the rear platform; that appellee was sitting on a short seat at the rear of the car, which ran parallel with the car and was opposite the closet; that one of the robbers stepped through the door and pointed a revolver at the conductor and demanded his money, with a threat that he would kill him if he did not comply; that, at this time, appellee was between the robber and the conductor; that the movement of the car jostled the robber and he stepped upon appellee's foot; appellee immediately arose, and the robber turned the revolver toward him; appellee grabbed the revolver and the hand of the robber; that there was a struggle for the possession of the revolver, which the robber held with both hands; that the conductor was only two feet

away, and could easily have reached and taken hold of the robber; that appellee called to the conductor for assistance in subduing the robber, who was a larger and stronger man than appellee, and it was apparent that appellee would ultimately be overcome by the robber and probably be injured or killed; but the conductor, with present ability and legal right, as he held police powers, abandoned appellee in his perilous situation, and jumped feet first through an open window, and ran into a cluster of hazel bushes where he hid until the car had passed 500 feet beyond his hiding place; and that appellee was thereafter injured in his struggle with the robber. These facts, which are briefly stated, are amply sufficient to sustain the averments of the complaint and the decision of the trial court. There was no error in overruling the demurrer to the third amended complaint, nor in overruling appellant's motion for a new trial.

Judgment affirmed.

## ON PETITION FOR REHEARING.

NICHOLS, J.—Appellee's motion to dismiss the petition for rehearing is overruled. The petition for rehearing, however, is denied because of the fact that it is too general in character and too indefinite to present any question for our consideration. A petition for rehearing should point out with reasonble certainty the particular points of law which it is claimed were erroneously decided.